Mr Justice Thompson
 

 delivered the .opinion of the Court. Thbse cases come before the Coürt on appeal from the circuit court of the district of Columbia, ahd have been argued together., The first was a bill filed by Mrs Fdxall against the appellants^ as trustees in a marriage settlement contract, entered .into between her and her late husband Henry Foxall, deceased. The object of this bill was. to compel the trustees to carry into effect the marriage contract, according, to her construction of it, by separating $37,038 from the general máss of her late husband’s estate and investing the same in. stock of the United States.
 

 The appellants, in their answer, admit that they have received funds of the estate of Henry Foxall, to a much larger amount thatr the $37,038,-but allege that, they aré also trustees under the provisions of the will of Henry Foxall,.and have not invested it in stock of the?. United States, because it could not be. done without, great loss; and that they considered such an investment injudicious and prejudicial to the estate, and. to the rights, of others interested in the Residuum of the estate, and its-income. And they aver that they have securely vested in real seCuritiés and bank stocks, producing an interest of six per cent, the whole of the personal estate except $22,645 ip. United States stock, purchased by H. Foxall in his lifetime. They admit they have ample funds, and are willing to máké the investment réquired by the ap-pellee, if the construction of the deed of settlement, which she contends for, should be deemed by the Court to be .cor- . rect.
 

 With this answer, ajtid referring to it, was filed the cross bill in the second cause,, in which the trustees in the marriage. settlement, and Samuel M’Kinney,.who are the executors named in the wiir of Henry Foxall, together with
 
 *604
 
 sundry other persons, who . are the cestui que trusts. under the will, are complainants, and Cátharine Foxall. defendant.
 

 In this bill the-appellants set forth the will of Henry Fox-all, and aver that by it ‘the whole real and personal estate of .-the .testator, is bound-to secure to. the-appellee her annuity. That the-investment in United States Stock of the $37,038 would occasion a loss in. the income' of the whole estate of six or .seven hundred dollars a year, which would fall, according tothe will, upon the other-cestui que trusts. They deny the right of- the appellee to claim the benefit of the provi.sion- of the settlement, requiring her approbation to'the investment, añd Also that of.the will to make up the deficiency, and. thereby throwing thé. Joss of such. investment upon ihe residue of the estate; averrihg the two provisions to be inconsistent, and-reqhiring the appellee, to elect between them ; and praying that if her bill, already filed, be considered an «¡lection .to take under the settlement, and the investment prayed by her shall be decreed, that it may be. further decreed, that she shall receive the interest of the'same, so to be invested,,in bár of- all claim up.oii the residuum Of. the estate, under thé provisions of the will for any deficiency.
 

 The-aiiswer ih this case denies the inconsistency between the provisions of. thé will and the marriage settlement, and claims that the-appellee is entitled to the benefit of. both. That,she has the right1 to choose the fund's, for. investment, and to look to the residuum of the estate to make good the deficiency that may arise-from the investment not producing six per-cent.,' so .as' to pay. her annuity of $2,222 22 cents.
 

 The.court' below decreed in the first cause,.that the appellants, as trusteés in the will, should transfer to themselves, as trustees in thé marriage settlement, the sum of $37,038, and should invest the same in. the-purchase of stock of the United States, and pay the dividends from, time to time, as received, to Cathárine Fox all,-for and during the term.of her life; and that- the appellants should make the investment of the said principal sum, jointly in the names of themselves and the said Catharine; and cause the trust upon..which the same is to be inveáfed, to be expressed in.the certificates of investment, and upon the books of the treasury department. And
 
 *605
 
 further, in case the said principal- sum of. $37,038, so invested,, should.'be found insufficient to ráise and pay «the annuity of $2,222 22 cents, that the deficiency should ffpixji time to time be made good out of the residuum of the-estate,; &c. And in the second cause, the court decreed- the bill.to'., ■be dismissed-.. • From both these decrees, appeals have been brought to this Court.
 

 The .two questions .which arise upon these cases are :.
 

 1. Whether] the appellee, Mrs Foxall, has aright, under the marriage settlement, to require the.trustees’to separate the $37,038 from the:general mass of the estate, and invest the - same in stock of the United States.
 

 2. If such.investment should be insufficient.to pay her the annuity of $2,222 22 cents, has she a right tó have the /deficiency- made up, out of the general estate, either under the marriage settlement, or under the will of her deceased husband.
 

 • The answers to these questions will depend upon the' construction'- to be given to the marriage settlement, and the will o,f Hénry Foxall.
 

 ' The settlement récit'es', that a marriage .was intended to be solemnized between Henry Foxall and the appellee, then Catharine Holland j that upon the. treaty for such marriage, it,was agreed between the said Henry Foxall and Catharine Holland, that he should provide and settle on her, in case she should survive him, án annual income of $2,222 22 cents, equal to £500 sterling, in the nature of a jointure for her, for life, and in bar of dqwer, &c.; and also reciting, that in part performance of said agreement, the said Henry Foxall had made his bond, in'the penalty of $74,116, to tbe trustees named in-the settlement, to be void oh payment by his executors, within six months from his .death, to the said trustees of $37,038, with interest at six per cent, from his decease. It is then declared by. the deed, that in cáse the said Catharine Holland should survive the' said Henry Foxall, the trustees should stand possessed of said bon'd, and the $37,038, to be received by them, upon trust, to place, out the same, when it shall come into their hands, at interest, on freehp.ld securities, or invest It, or any part of itj'in the purchase of stock
 
 *606
 
 of the United States of North America, or bank stock there, with the approbation of said' Catharine Holland; and to call in arid re-plaeo, and re-invest the same, apd. the, produce thereof, from time to time, upon or in such securities or stock, with the approbation of-the said Catharine Holland; and to.pay the interest and dividends of said sum, securities or stocks from time to .time, as the éame shall be received, to her.br her assigns, or permit her or them to receive such interest or dividends for her life, for Her separate use.
 

 That the appellee has a right., to require the $37,038 to baseparated from the general mass of the estate, and invested in funds for her use, according, to the trusts declared in the > marriage, settlement, cannot admit of a doubt*
 

 The Circumstance that the trustees are also. executors named in the. will, cannot affect the rights of Mrs Foxall. This contract was entered into in the'year l $16, long before the will was made, or it could be known who would be appointed executors ; and besides, the trustees are not the only executors. But.it would be immaterial if they were. They are acting iri separate and distinct capacities, and are bound to execute, the respective trusts according to the provisions ;of the marriage settlement and the will. This settlement was accompanied with a bond given by H. Foxall, by which, he bound his executors to pay over to the said trustees the $37,p38, within six months from, his death. And the settlement declares that the trustees shall stand possessed of-said bond, and.the ‡37,038 to be received by them upon trust to place out the. same, when it shall come into their hands, at interest,*&e. in the manner therein directed. Whether Mrs Fojxal libad a' right to control the investment of this money when it carné into the hands of the trustees, may admit of more doubt.
 

 The trust declared .is, that the. $37,038, when it shall come into the hands of the trustees, shall be placed out at interest on freehold security, or invested in the purchase of stock of the United States of North . America,
 
 of
 
 bank stock there,
 
 with the approbation
 
 of the said Catharine Holland; and. the te-investmentS, when necessary;- were to be made in like manner with, her approbation; and the. interest and
 
 *607
 
 dividends.to be paid to_her, daring her life, for her separate use.
 

 Thé question is not whether she is at present in danger of losing her annuity, nor does she in her bill charge the trustees with misconduct. She is, in judgment of law, a purchaser of .this annuity, her rights rest in contract, and she seeks to have that contract carried into execution. And whether this will Work an injury to third persons or not, cannot control her rights, secured to her by the marriage settlement. When this contract was entered into, there was no existing interest in any third parties. And no sub-sequént act of one of the contracting parties, can change the rights of. the other. ' This fund, or the securities or stock in which it should be invested, were, after her death, to Be transferred to the executors or assigns of Henry Fox-alj. But no disposition which he‘could make of them, could abridge, the rights of "Mrs Foxall under the settlement. What then is to be understood by the stipulation, that the investment was to be made
 
 with her approbation
 
 ? That she was to have some agency in this investment, cannot be questioned. And is it an unreasonable interpretation to say, that she was to have n,controlling agency, within the limitation prescribed by the contract. She has not annrbi-trary and unlimited discretion. The investment is restricted to three objects: freehold securities, United States stock, or bank stock ; and the trustees are not authorised to njake any other investment. Nor can she approve or disapprove of any other. Alt such acts, both in them and her, would be .without authority. She is the party beneficially interested in the investment; and it is fairly to be presumed, that her intended husband meant to leave it to her to elect between the different objects of investment'. It cannot be presumed, that she would withhold her approbation; from, all, and if she did the loss would be her own, and not to the prejudice of any one else. It is very probable, that dif--ferent persons^ with equally honest and upright motives, might differ in opinion with respect to the three different modes of investment pointed out . in the settlement. And when th.at occurs between MrS Foxall and the trustees, one
 
 *608
 
 or the other phrty.must yield': and the contract must deter-, mine their respective rights. ' That declares,'that.the in-; vestment is to be made with her approbation ; which would seem necessarily to imply, that it could not be made without it, and, at all events, not directly against it. And sqch appears to have been the construction put upon it. by the trustees themselves. For. in July 1824, After the-death.of her husband, they wrote heir two letters;' one in their character of executors, and the other. as trustees in the settlement.-. In the first they say,' The executors of your late husband are desirous of paying'over to the trustees'of tjie marriage settlement the sum of $37,038, according to the directions of the will.. It is deemed necessary that you should give
 
 instructions
 
 to the trustees named in the marriage. settlement*
 
 before they can feel themselves authorised to invest
 
 the.money.” And in their letter, written as trustees,' they say, “The executots- are-ready'to pay over1 the sum of-$37,;038 to.the trustees named iri the marriage settlement; for the purpose of'providing the annuity secured to you in .the settlement. . In which it is stipulated, that we are to place it out at interest, on freehold security, Or invest it in the purchase of stock of the. United States of North America, or bank stock there, with the
 
 approbation
 
 of Mrs Foxali.
 
 We are, therefore, compelled to wait for your instructions
 

 ■
 
 In, September following she answered their letters, in vyhich she. says, “ I-acquaintyou that in the judgiqentof my late husband, according with my. own, the stock of the .United States of North America is preferred by me, to freehold security or bank stock; and that I shall approve of the im vestment of the principal sum in that fund, and not on real, security or bank' stock, and beg it may be. so invested-.” We. think the trustees were bound to make the investment ac'cord.ing to this request. That it was a right secured to her under the marriage settlement.
 

 We will not say, but that a state of things might exist in which a court of chancery would be authorized to control h£r election: as if she sho'uld act from mere caprice, apd. with a manifest purpose_of throwing a loss.upon','the resida-
 
 *609
 
 um of the esfate. But there is nothing in this casé to warrant such an imputation against her. And it is not very certain, that she even erred in judgment, if she had herself to sustain.theuloss. The object of the settlement:was to give her a certain, safe and secure income. And it-was not-unreasonable for her to1 place more confidence in.government stock, than in mortgages,- where it is-well known there ;<* less punctuality in the payment of interest; or in' bank stock, with the hazard of insolvency. She acted, as she states in her letter to the trustees; according to the judgment of her late husband] and which no doubt.had great influence with her, in preferring such.investm.ent. And the sincerity of his advice is manifest from toe circumstance, that he left, ás a part of his estate, upwards of thirty-two théusand.dollars in United States stocks.
 

 2. The next inquiry is, whether, if the investment of the $37,038 in stock of the United States should be insufficient to raise the annuity of $2,222.22, the deficiency is chargeable'upon the' residuum'of the estate.
 

 In-detefmiriing this question, it is unnecessary to say, how it would stand if the claim rested entirely upon the marriage settlement.
 

 The provision intended to. be. made'for Mrs Foxall^ was clearly an annuity ;,.and where that- is the nature of the settlement, the cases in the .books are very strong, to show how far courts of equity will go to guard against any deficiency. But in the present case the will of Henry Foxall puts that question at rest.
 

 . This will bears,date the 12th of April 1823, the first part of which is as follows, “ I do hereby ratify and confinn, in every respect, the settlement madé upon my marriage with my dear wife Catharine, and do. direct the provisions and trusts tof the-same,-and the conditions of the bond entered into by me upon my. said marriage, to be faithfully perform-: ed. I do farther .direct, that- if the sum of $37,038 secured to be paid to fhg trustees of said.settlement, should at any' time, and from time to time, be. found insufficient to raise within these United States, and bring, into the hands of the said, trustees of said settlement, , there, the clear annual sum
 
 *610
 

 ‡2,222.22,
 
 the annuity secured to be paid to my said wife by the said settlement';' then and in' such c.ase, the trustees of this my will, do and shall from time to time transfer to themselves as trustees of said séttíement, and out of the residuum of my estate, siich sum or sums of money,'as may from time to time be found- necessary, to make up any deficiency there may. happen to be between thé current amount of the interest and produce of said principal sum, and the amount of said annuity; so as that, in ho event, leás than the said sum of
 
 ‡2,222.22
 
 shall be annually raised for my said wife .or for her benefit within the United States:”'
 

 It. is-difficult to conceive how a. more ample provision could have been made, to. secure to the- appellee the full amount of her anrfuity, and-is a strong corroboration of what she* stated, to the trustees, that, in selecting United States.stock for the investment, she acted in accordance with the judgment of her late husband. For, it is admitted, that wfien the will was madé, government stock was abové par, and that the stock of the local banks of the district of Columbia, might be so purchased as to pay six per cent, interest, and.thai this-wás knó.wn to the testator, H. Foxall. A deficiency must therefore necessarily arise from ah investment .in' government stock, but not from an investment in bank stock;, and his. being so very particular in providing by His will' for'a' deficiency, shóws he had reasons to beliéve it would occur.
 

 -It-Üás-been' urged, by the appellants’', counsel,-that the provisions of the deed of settlement-and of. the will are inconsistent.; and that the appellee is not entitled to the benefit x>.f both, but must make her election between them'. That she cánnot choose the fund for investment, under the deed, afid throw the. loss from such investment upon others :under the will.-
 

 It is not perceived how this can in. any sensebe considered a case for election. There is ho inconsistency whatever betweeri .thé two provisions. The will explressly refers to and confirms the settlement, and provides for any deficiency that might occur, by reason of an investment that would not raise th,e stipulated annuity. ■ There is nothing in
 
 *611
 
 the will affording the least colour for the conclusion that the testator intended any provision therein made for his widow, should be in satisfaction of the settlement; but clearly as an accumulated bounty over and above it.
 

 Again, it-is said the will only authorises payment bf the. deficiency, whén the Rinds s.hall be found insufficient to raise.w.ithiri .the United States .thé clear income of $2-,222 22 cents; and that,the proofs taken in the cause show that the funds are.suificient, and are.now-so invested as to produce that sum. The answer to .this objection is given in the examination of the first point, that such investment was-not authorised under the marriage settlement, it having been made without the approbation of the appellee, and directly against her instructions. We are accordingly of Opinion, that the 'appellee has a right to claim of the trustees in the marriage settlement, by virtue of the will of her deceased husband, out of the residuum, of bis estáte,, whatever'the annual amount of the product of’.f37,038, invested in stock of the United States, shall from time to time fall short of the annuity of $2,222 22 cents, secured to her in the marriage settlement.
 

 The merits are therefore with the appéllee -in both cases, and .the only .difficulty presented- is, .as .to the forms of the decree in the first cause. . .
 

 The bill in. that case, filed by Mrs Foxall, is founded al-. ■together upon the marriage settlement. It prays, a discovery as to tjie situation of the fund of $37,038, and that the whole bf it may be invested in stock of the United States, and concludes with a prayer for general relief; but sets up. no Claim under the will for,any deficiency.
 

 It i.s-4n the. cross bill.that the question in relation to thé-, deficiency arises, under the will... This bill was filed for the purpose of.compellirig Mrs Foxall to. elect betwreeri the provisions of the ¡marriage settlement and those of the will. The appellants, in their answer -to the, first bill, refer to the cross bill and the.jvül set but therein, and pray, that they may be taken as a part of their answer, and that the two Causes may be heard and determined together. They .are,however, two distinct' causes, with, additional parties in the
 
 *612
 
 cross- till, and require separate decrees. The decree as to the deficiency, cannot be sustained, unless it can be done' under the prayer -for general relief. There, is no doubt, but that under the general prayer, other relief may be granted than that which is particularly .prayed for.' But such relief must be agreeable to the case made by the .bill ; ■• and there is nothing in the first bill to sustain the particular relief granted as to the deficiency. This part of the deed mus.t therefore be reversed. ,Thé residue is affirmed, omitting the name of Mrs Foxall in the investment directed to be made. There is nothing in the marriage settlement which entitles her tó'be joined with the trústees in the investment".
 

 In the other cause the.decree dismissing the bill is affirmed.
 

 In the first case.the following'decree was rendered.
 

 This cause, came on to be heard on the trans'cript of. the record .from the circuit court of the United States for the district of Columbia,' holden in and for the. county of Washington, and was. argued'by counsel; on' corisideration whereof, this Court is. of opinion, that the decree of the-said circuit court in this- cause 'is erroneous in this, that there is nothing iri'the first bill to. sustain the'particular relief granted as to the deficiency; whereupon .it.is considered, ordered and decreed by this Court, that the" decreé of the said circuit court,so far as it 'grants the’ particular relief as to thé- deficiency in this cause,, bé, and the same js hereby reversed and annulled; and that.the residue of said decree' in all'things else be, and the same is hereby affirmed, omitting the name of Mrs Foxall in the investment directed to be rnade;and that the cause, bé, and- the same is hereby remanded to the said circuit court-for further proceedings: to. be'had thérein, according to law and justice.