2   431
o98  107

THOMAS BOYLE, JOHN TIERNEY, DANIEL HAR-
KIN and JAMES MELOY, *Appellants*,

*ads.*

HUGH S. LAIRD, SAMUEL ALEXANDER & JAMES
ALEXANDER, *Appellees.*

APPEAL IN EQUITY TO THE LAFAYETTE CIRCUIT COURT.

Parties in interest in a suit must be before the court, and if a complainant or
complainants, (if there be more than one,) after the commencement of the
suit, parts with his or their interest in the subject, by assignment or otherwise,
the suit cannot be proceeded in until the proper parties are brought in, if the
objection be urged.

Where some specific relief is prayed, and is not accompanied with a prayer for
general relief, if the whole case made will not justify the granting of the par-
ticular relief applied for, the bill must be dismissed, although the complainant
may have been entitled to some other aid.

The bill filed in this case charges the defendants
with trespass and waste upon a certain lot of land in
the possession of the complainants as lessees, by dig-
ging and taking lead ore thereout, and converting the
same to their own use. An injunction was prayed
for and granted, and the defendant Boyle answered,
denying the material charges of the bill.

The cause being submitted on replication filed, the
court decreed that the defendants should be perpet-
ually enjoined from interfering with the rights of the
complainants.

To reverse this decree, the defendants appeal to
this court.

*Dunn, Collins & Smith,* for appellees.

*J. H. Knowlton,* for appellants.

Dec. Term 1858.

Laird et al.
vs.
Boyle et al.

*By the Court*, CRAWFORD, J. The bill of complaint in this case was filed to obtain a writ of injunction to restrain the defendants from committing waste upon a certain lot of land in the possession of the complainants, as lessees of Daniel G. Whitney. The land is situate in the county of La Fayette, and was held and enjoyed by the complainants at the time of the filing of the bill, for the purpose of mining for lead ore thereon. The right of the complainants to the occupancy and use of the lot was derived from a lease given to them by the above named Whitney, by his attorney in fact, John Burrell, which lease was to continue for the term of one year from the date thereof, subject to be renewed, provided the land did not " change owners." The date of the lease was the 26th day of January, 1850, and the bill of complaint was filed on the 15th day of April next thereafter. The material charge in the bill is, that the defendants had before that time illegally entered upon the lot in question and had taken away and disposed of large quantities of lead ore from the " diggings" of the complainants, and were then engaged in illegally removing, and converting to their own use, large quantities of lead-ore of great value, to the great injury of the complainants.

The prayer of the bill was for a writ of injunction to stay and prevent the commission of further " waste and spoil " on the premises, and that the same, on a final hearing, might be made perpetual.

The Court Commissioner of La Fayette county allowed a writ of injunction, as prayed for, which was issued.

The defendant, Thomas Boyle, filed an answer denying the material charge of the bill, and the other

defendants (Turney, Harkin and Meloy,) being sever-
ally under the age of twenty-one years, put in the
usual answer by their *guardian ad litem.* A replica-
tion to these answers was filed, and the cause was
heard in the Circuit Court of the county of La Fay-
ette at the October term, 1851, and at the March
term, 1852, a decree was rendered, declaring the com-
plainants to be lessees of the lot described in the bill
of complaint, and perpetually enjoining the defend-
ants from interfering with or molesting the complain-
ants in the enjoyment of the said lot.

The proofs submitted on the hearing, whatever
they may have been, have not been preserved or re-
turned to this court, but a stipulation as to the facts
proved at the hearing has been signed and filed here,
from which we find that during the continuance of
the lease to the complainants, the defendants did en-
ter upon the premises, and dig and take lead ore
therefrom, and convert the same to their own use;
that Burrell, the attorney in fact of Whitney, had,
during the year 1850 and within the term specified
in the lease, purchased the tract of land on which this
mining lot was situated, from Whitney, and was, at
the time of the hearing, the owner of said land; that
he (Burrell) had not, since the 26th day of January,
1851, received any rent from the complainants, or
either of them, and since that date had not recognized
or treated them, or any of them, as tenants or as hav-
ing any right on said land; that the lease to the
complainants had not been renewed, and he did not
intend to renew it.

Independent of the objection that many of the ma-
terial averments in the bill, which are admitted by
the answer of the defendant Boyle, are entirely with-

C*

DEC. TERM
1853.

Laird et al.
*vs.*
Boyle et al.
out proof as against the infant defendants, we can find nothing in the case to sustain the decree of the court below.  At the time of the filing of the bill, these complainants were lessees of the premises, but before the cause was brought to a hearing, their character of lessees had ceased, and they had, at the time of the hearing, no right or interest in the premises whatever, as appeared from the testimony of the owner of the soil.  It is true, the lease contained a provision for renewal, but upon what terms and for what length of time the lease should be renewed, it is altogether silent, and we think that this provision or covenant is void for uncertainty, as it appears in the lease, and there is nothing in the evidence before us which enables us to render it certain.  This principle is fully discussed and established in the following cases : *Blayden vs. Bradlea*, 12 *Vesey*, 466 ; *Clinan et al. vs. Cooke et al.*, 1 *Sch. & Lef.* 22 ; *Bromley vs. Jeffries*, 2 *Verm.* 415 ; *Bailey et al. vs. Ogden et al.*, 3 *John.* 399 ; *Clerk vs. Wright*, 1 *Atk.* 12.

Besides, the renewal was to depend on the fact of the ownership of the land remaining unchanged, and the proof shows that the land had been sold and conveyed by the lessor, Whitney, to the witness, Burrell, during the term for which the lease was granted.

The question, then, is whether the complainants are entitled to the relief which is prayed for in the bill, when it is shown that they have ceased to have any interest in the premises to which the injunction extended.  While they were lessees, they might, in a proper case, invoke the protection of a court of equity to prevent waste or irreparable injury ; but when not only the defendants, but the complainants themselves, have no right, title or interest whatever in the land

covered by the injunction, it would, we think, be a useless application—nay, a prostitution of the powers of the court. The complainants have no rights to be invaded or protected, although, when the bill was filed, they had such rights.

The general rule is, that the parties really in interest must be before the court; and if a complainant or complainants, (if there be more than one,) after the commencement of the suit, parts with his or their interest in the subject, by assignment or otherwise, the suit cannot be proceeded in until the proper parties are brought in, if the objection be urged. (*Williams vs. Kinder*, 4 *Vesey*, 387.) The defendant, in such case, may apply to the court for an order that the assignee or party in interest file a supplemental bill, in the nature of a bill of review, by a certain day, or in default thereof that the bill be dismissed. *Garr vs. Gomez*, 9 *Wend.* 649.

We are satisfied that, in this case, the court should not have rendered a decree perpetuating the injunction, and it could have rendered no other relief, because that was the specific relief prayed for, and the rule is well settled, that where some specific relief is prayed, and is not accompanied with a prayer for general relief, if the whole case made will not justify the granting of the particular relief applied for, the bill must be dismissed, although the complainant may have been entitled to some other aid. *Vide* 13 *Vesey*, 119; 2 *Young & Jervis*, 33; 1 *John. Ch. R.* 117; 2 *Peters*, 595; 1 *John.* 559; 2 *Paige*, 396.

The proper course to have been pursued by the court below was to dismiss the bill without costs; for it was shown that the defendants had committed

trespass, if not waste, on the premises during the complainant's term.

Laird et al.
*vs.*
Boyle et al.    The decree below must be reversed, and the bill dismissed without costs, and without prejudice to the rights of the complainants to bring an action at law for the lead ore taken by the defendants, as they may be advised.