RAINEY v. HERBERT et al.

(Circuit Court of Appeals, Third Circuit. April 25, 1893.)

1. INJUNCTION AGAINST NUISANCE — JURISDICTIONAL AMOUNT—VALUE OF PRO-
HIBITED ERECTION.

In a suit in a federal court to enjoin a nuisance in the erection of coke
ovens, if the amount of damage which will accrue to the plaintiff be not
sufficient to give the court jurisdiction, the court will nevertheless have
jurisdiction if the value of the prohibited erection equal the jurisdictional
amount. Railroad Co. v. Ward, 2 Black, 485, followed.

2. SAME—UNAUTHORIZED RELIEF.

Upon a bill to restrain the erection of coke ovens on F. street in front
of or near complainants' premises, and for general relief, the court has
no authority to restrain the operation of ovens elsewhere on defendant's
property "so near the premises of the said complainants as to injure the
same by reason of flames, heat, gases, or smoke emitted therefrom."

3. SAME—PARTIES—LIFE TENANTS.

In a suit to restrain a nuisance the defendant cannot complain of the
admission of life tenants as parties plaintiff with the remainder-men.

4. DEDICATION—DESCRIPTION IN DEED.

An owner of land laid it out in lots and streets, and conveyed to D.
(whose title passed to plaintiffs) two of the lots, describing them by
reference to the plan and as abutting on a street, and then conveyed the
tract as a whole to defendant, by a deed which recited the previous
deed to D., and excepted the land thereby conveyed. Held that, by the
conveyance to D., the street called for as a boundary was irrevocably
dedicated as a public way for the use of the owners of the two lots, and
that defendant was affected with notice thereof, and could not interfere
with plaintiffs' use of the street. 54 Fed. Rep. 248, modified and affirmed.

Appeal from the Circuit Court of the United States for the West-
ern District of Pennsylvania.

In Equity. Bill by George W. and Thomas W. Herbert and oth-
ers against W. J. Rainey to enjoin the erection and maintenance
of a nuisance. In the court below there was a decree for complain-
ants, the opinion by Judge Acheson (which is partially adopted by
the circuit court of appeals) being reported in 54 Fed. Rep. 248. De-
fendant appeals. Modified and affirmed.

Samuel Dickson and C. C. Dickey, (Shiras & Dickey, of counsel,)
for appellant.

Edward Campbell, (J. M. Garrison, on the brief,) for appellees.

Before DALLAS, Circuit Judge, and WALES and BUTLER, Dis-
trict Judges.

DALLAS, Circuit Judge. This is an appeal from a decree for
an injunction restraining the erection of certain coke ovens. The
jurisdiction of the circuit court was dependent upon the amount
involved in the controversy. There was some conflict of testimony
as to the amount of the damage which would result to the com-
plainants from the construction and operation of the ovens, but the
court below found that the averment that it would exceed $2,000
was supported by abundant evidence; and, if the matter in dispute
were simply and solely the threatened injury to the plaintiffs, this
finding of fact might be accepted as in itself conclusive; but, if this

were otherwise, the want of a sufficient amount of damage having been alleged and proved to give the federal courts jurisdiction, would not defeat the remedy, as the prohibition of the contemplated erection of the ovens was the matter of controversy, and the value of that object (admittedly in excess of the jurisdictional amount) must govern. Railroad Co. v. Ward, 2 Black, 485, 492. Consequently the first assignment of error has not been maintained.

The opinion of the court below presents the law and the facts relating to the erection and operation of coke ovens "in or upon Front street, in the village of Sedgwick," in a manner entirely satisfactory. It is therefore adopted by this court as correctly disposing of the several questions which are raised by the assignments of error from the second to the sixth, inclusive. The decree, however, goes further, and is, we think, too comprehensive. It not only restrains the placing of ovens upon Front street, but also forbids their operation on the defendant's own property "so near the premises of the said complainants as to injure the same by reason of flames, heat, gases, or smoke emitted therefrom." The only prayer for special relief was for "a preliminary injunction, hereafter to be made perpetual, restraining the respondent from locating, erecting, and operating said coke ovens, or any of them, upon the said street in front of or near the said premises belonging to your orators as aforesaid." The particular relief which was awarded by that portion of the decree now under consideration was not prayed in the bill, nor did it even suggest that such relief would be asked upon the hearing. There was, it is true, a prayer for general relief; but it is a familiar rule of equity pleading that under such a prayer the court will afford a complainant such relief only as is agreeable to the case made by his bill, and the case made by the bill upon this record is wholly confined to the distinct subject of the proposed erection and operation of coke ovens upon Front street. The bill will not bear any other construction. Its language is perfectly clear. The gravamen of the complaint is that coke ovens "upon the said Front street, of the said town of Sedgwick, will be a permanent and continual trespass, * * * and a permanent obstruction;" and although it is added that a nuisance from smoke, etc., will result, this, too, is averred with respect, only, to ovens upon the street. From beginning to end, not a word is said about nuisance to arise from the operation of ovens elsewhere; the special prayer does not relate to any such nuisance; and, as we have said, the general prayer cannot be applied to it. This branch of the case was disposed of by the learned judge below in a single paragraph of the opinion which he filed, from which it does not appear that his attention had been directed to the restricted character of the bill; but we, with that fact in view, are constrained to hold that, in so far as ovens not upon the street were included in the terms of the decree, it was improvidently made. English v. Foxall, 2 Pet. 595, 611; Hobson v. McArthur, 16 Pet. 182, 195; Savory v. Dyer, Amb. 70; Wright v. Atkyns, 1 Ves. & B. 313.

If, however, a nuisance, independently of the encroachment upon Front street, had been duly alleged, it would not necessarily follow

that the complainants would have been entitled to an injunction based upon that allegation. We will not enter upon an extended discussion of this aspect of the matter, because it is not necessary that we should do so, but we deem it proper to suggest, with reference to any possibly contemplated further proceedings, that, while it is generally true that annoyances which substantially detract from the ordinary comfort of life may be enjoined, yet equity will never interpose where a due regard for all the attendant circumstances should impel a chancellor to withhold his hand. In Robb v. Carnegie Bros. & Co., 145 Pa. St. 324, 22 Atl. Rep. 649, it is said that the operation of coke ovens at an appropriate place will not be enjoined; and in Huckenstine's Appeal, 70 Pa. St. 102, an injunction against brick burning was, in view of the surrounding circumstances, refused. There are numerous other judicial decisions of the same import, but in these two cases the principle to which we desire to direct attention is sufficiently exemplified. The seventh assignment of error is sustained.

The eighth and twelfth assignments of error are to the allowance of an amendment by which Henry Herbert and Margaret Herbert were made parties plaintiff, and to the imposition of the costs upon the defendant below. They are not supported. No wrong was done the defendant by admitting the life tenants as joint complainants with the remainder-men, or by the manner of their admission; and the costs of the proceeding were not increased because this was done, or by reason of the time at which it was done. No further amendment of the bill became requisite, or was made, in consequence of the addition of these parties, and the evidence which had been previously taken was as pertinent after their addition as it was before.

The remaining assignments do not require separate consideration. They are not sustained. The decree of the circuit court is now modified by striking therefrom the second paragraph thereof, viz.: "Second, from operating any coke ovens so near the premises of the said complainants as to injure the same by flames, heat, gases, or smoke emitted therefrom;" and, as thus modified, the decree is affirmed. And it is further ordered that one half of the costs of this appeal shall be paid by the appellant, and one half thereof by the appellees.