DICKINSON v. UNION MORTGAGE, BANKING & TRUST CO., Limited,
et al.

(Circuit Court, D. South Carolina. December 21, 1894.).

REMOVAL OF CAUSES—AMOUNT IN DISPUTE.

Plaintiff brought his action in a state court against defendant, alleging usury in a note and mortgage given by him to defendant, and asking for an injunction to restrain defendant from selling the mortgaged property under a power contained in the mortgage, and for judgment against defendant for $1,696.74. Defendant removed the case to the United States circuit court. *Held,* upon motion to remand, that the matter in dispute exceeded $2,000, besides interest and costs, the principal controversy being over the exercise of the power given to defendant by the mortgage, the value of which to defendant was measured by the sum to secure which it was given.

This was a suit by Frank H. Dickinson against the Union Mortgage, Banking & Trust Company, Limited, and others, to restrain a sale under a mortgage. The suit was brought in a court of the state of South Carolina, and was removed by the defendant the Union Mortgage, Banking & Trust Company to the United States circuit court. Plaintiff moves to remand to the state court.

J. J. Brown, for complainant.
Halcott P. Green, for defendants.

SIMONTON, Circuit Judge. This is a motion to remand a cause removed from the court of common pleas for Barnwell county, of this state. In order to determine the questions involved in it, we examine the whole record, including the petition for removal. The plaintiff, a citizen of the state of South Carolina, filed his summons and complaint against the defendant, a foreign corporation, alleging that on 7th May, 1889, he had borrowed from defendant the sum of $3,500, giving his promissory note therefor, payable five years after date, with interest at 8 per cent. per annum, and that he secured said note by a mortgage of certain realty situate in Barnwell county; that out of the sum for which he gave this note he only received $2,771.50, the rest having been reserved for commissions by the agent of the defendant and sundry small expenses; that for three years he has paid the annual interest on said note, contrary to the usury law of the state of South Carolina, and that under said law, as a consequence of such usurious payment, an action has accrued to him against the defendant for the amount usuriously charged and received by it, in the sum of $1,696.74; that, under a power contained in said mortgage, the defendant, by its agents and attorneys, John T. Sloan, Jr., Allen J. Green, and Halcott P. Green, have advertised the mortgaged land for sale at auction on the next sales day to satisfy said mortgage, and that a sale will take place of said land, and a cloud fixed on plaintiff's title, and great and irremediable injury inflicted on plaintiff by foreign parties against whom he will have no redress, unless the court will interfere by injunction restraining said sale until the rights of the parties can be adjudicated. The prayer is

for an injunction against the sale of the lands, and a judgment for the sum of $1,696.74 and costs. The defendant filed its petition for removal before the time for answering had expired, presented it and its bond to the state court, and obtained the proper order from that court. Messrs. Sloan and Green are the attorneys of the defendant. It is admitted that they are only nominal parties, and their presence in the cause does not affect the right of removal, although they are citizens of South Carolina. The motion to remand is based upon the ground that the matter in dispute does not exceed $2,000, besides interest and costs.

It is impossible to read the complaint without coming to the conclusion that its main purpose and object is to enjoin the sale of the land under the power of sale in the mortgage. All that precedes the statement of claim for the injunction only leads up to this ground for relief, and the right of defendant to enforce the power of sale in the mortgage is to this extent challenged and frustrated. "The proper criterion of the value of the matters involved in the controversy is to be found in the value of the property, the possession or enjoyment of which will be affected by the result of the litigation." Lehigh, etc., Co. v. New Jersey, etc., Co., 43 Fed. 547. The language of the court in Stinson v. Dousman, 20 How. 466, has application here:

"The defendant in error objected that the matter in dispute was not of the value of $1,000, and therefore this court had no jurisdiction of the cause. The objection might be well founded if this was regarded merely as an action at common law; but the equitable as well as the legal considerations involved in the cause are to be considered. The effect of the judgment is to adjust the legal and equitable claims of the parties to the suit."

It will be observed that, although the complaint states the loan of $3,500 and the execution of the note and the mortgage, it nowhere offers to pay any sum admitted to be due, but prays an injunction against the exercise by the defendant of its powers under the mortgage deed. It is plain, therefore, that the controversy between the plaintiff and the defendant is in great part over the exercise of this power, the value of which to the defendant is measured by the sum to secure which this power is given to it. The motion to remand is refused.