## JOHNSTON v. CITY OF PITTSBURG et al.

(Circuit Court, W. D. Pennsylvania. February 20, 1901.)

JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—TAXPAYER'S SUIT TO ENJOIN CONTRACT BY CITY.

In a suit by a property owner and taxpayer in a city against the city and a bidder for public work to enjoin them from entering into a contract for such work, the value of the contract, and not the amount of the tax complainant may be required to pay if the contract is performed, is the sum or amount in controversy, for the purpose of determining the jurisdiction of a federal court.[1]

In Equity. On plea to jurisdiction of court.

Thomas Patterson and W. B. Rodgers, for plaintiff.

Clarence Burleigh, for defendants city of Pittsburg and others.

Knox & Reed and J. H. Beal, for defendants Pittsburg Asphalt Co. and others.

Watson & McCleave, for defendant Pennsylvania Asphalt Pav. Co.

BUFFINGTON, District Judge. This is a bill in equity brought by James C. Johnston, a citizen of South Carolina, and a property owner and taxpayer of Pittsburg, against the said city, several of its officials, and the Pennsylvania Asphalt Company, a corporation of the state of New Jersey. The allegation of the bill is that a contract for grading and paving several streets of said city was unjustly and illegally awarded said asphalt company. The relief sought against the city is that it be enjoined from entering into a contract with the asphalt company pursuant to such letting, from executing and delivering such contract, and from paying any money thereunder. The relief sought against the asphalt company is that any contract made with it by the city be surrendered for cancellation. The bill avers the matter in controversy exceeds $2,000. To this bill the respondents unite in a plea in which they allege that the total liability of the city under the contract is less than $300,000; that the total valuation of the city for taxation is $270,000,000, and that the value of complainant's property is about $3,500; that the taxes that can be levied on complainant's property by reason of the performance of said contract cannot amount to $2,000. The plea alleges that the amount in controversy is less than $2,000, and therefore the federal court has no jurisdiction. It will thus be noted the only question now before us is one of jurisdiction,—whether the requisite jurisdictional amount is involved. After careful consideration, we are of opinion this plea must be overruled. The bill does not seek to enjoin the levy of a proposed tax, or restrain collection of one levied. True, it is averred complainant is a property owner and taxpayer; but this is evidently done to show he is not an intermeddler, and on the theory that such facts give him standing to file a bill to question the legality of the contract. If the prayers of the bill

[1] Jurisdiction of circuit courts as affected by amount in controversy, see notes to Auer v. Lombard et al., 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

106 F.—48

were granted on final hearing, the asphalt company would be deprived of a contract far in excess of the required jurisdictional sum. If this asphalt company was a respondent in a bill filed in a state court, the prayer of which was to strike down such a contract, manifestly its right of removal to a federal court, if otherwise proper, could not be denied by reason of the allegation that the matter in controversy was the amount of taxes the complainant would have to pay if the contract were performed. The principle applicable to the present case is set forth in Mayor, etc., of Baltimore v. Postal Tel. Co. (C. C.) 62 Fed. 500, where it is said:

"It is true that where a bill in equity is filed to abolish a nuisance, or to set aside a deed, or for a decree giving other mandatory or preliminary relief, it is the value of the property of which the defendant may be deprived by the decree sought which is the test of jurisdiction, and not the claim of the complainant."

This principle underlies Market Co. v. Hoffman, 101 U. S. 113, 25 L. Ed. 782, where the value of the right, the exercise of which was enjoined, was held to be the test of jurisdiction; Railroad Co. v. Ward, 2 Black, 485, 17 L. Ed. 311, where, in a bill to abate a public nuisance, it was held the value of the obstruction, and not the damage of the plaintiff, was the matter in controversy; Stinson v. Dousman, 20 How. 461, 15 L. Ed. 966, where it was held the title to the land, and not the rent sued for, was the matter in controversy; Rainey v. Herbert, 3 U. S. App. 600, 5 C. C. A. 183, 55 Fed. 443, where, on a bill to abate a private nuisance, the value of the respondent's use of a projected coking plant, the use of which was sought to be enjoined, was held to be a matter in controversy and to sustain jurisdiction; Whitman v. Hubbell (C. C.) 30 Fed. 81, where, on a question of jurisdiction, it was said, "The matter in dispute is the value of the right to maintain the awning, not the amount of damage done by it to the plaintiff." To these may be added Dickinson v. Trust Co. (C. C.) 64 Fed. 895; Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co. (C. C.) 43 Fed. 547; Symonds v. Greene (C. C.) 28 Fed. 834. The plea is overruled, with leave to the respondents to answer within 30 days.