### JOHNSON v. COMPUTING SCALE CO.

(Circuit Court, N. D. New York. July 22, 1905.)

1. FOREIGN CORPORATIONS—JURISDICTION OVER—SERVICE OF PROCESS ON OFFICER TEMPORARILY IN STATE.

Jurisdiction of a corporation of another state which owns no property, has no place of business, and transacts no business in the state in which the suit is brought, cannot be acquired by service of process on an officer of the corporation temporarily in the state on private business.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2613.

Service of process on foreign corporation, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.]

2. REMOVAL OF CAUSES—WAIVER OF RIGHT—MOTION TO SET ASIDE SERVICE.

A defendant does not submit to the jurisdiction of a state court so as to be estopped to remove the cause by moving in the state court to set aside the service.

[Ed. Note.—Waiver of right to remove cause to federal court, see note to Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 66 C. C. A. 612.]

3. SAME—PRESENTATION OF PETITION TO STATE COURT.

The presentation of a petition and bond for removal to a judge of the state court in chambers, and the filing of the same, with his order approving the bond indorsed thereon, with the clerk of the state court, is a sufficient presentation to such court within the removal statute.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 189.]

4. SAME—AMOUNT IN CONTROVERSY—HOW DETERMINED.

Where the amount claimed by a plaintiff in his complaint in a state court, and which he is entitled to recover if its allegations are true, is sufficient to give a federal court jurisdiction, and the cause is otherwise removable, he cannot defeat such jurisdiction after removal by changing his position or the record with respect to the amount claimed.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 133.

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

The defendant having removed this cause from the Supreme Court of the state of New York to the Circuit Court of the United States, the plaintiff, Eli B. Johnson, moves to remand to the state court. The defendant, the Computing Scale Company, moves to set aside the service of the summons and dismiss the action for want of jurisdiction of the defendant.

Brown, Carlisle & McCartin, for plaintiff.
Kernan & Kernan, for defendant.

RAY, District Judge. Plaintiff is a resident and citizen of the state of New York. Defendant is a corporation organized under and pursuant to the laws of the state of Ohio, having its principal place of business in that state. At the time of the commencement of this action it owned no property, had no place of business, and was not transacting business in the state of New York. On or about January 25, 1905, Edward Canby, the vice president of the defendant, was temporarily in the city and state of New York on private business which had no connection with defendant or its business or property, and while in said state he transacted no business for or connected with defendant. The summons and complaint in this action, being a summons and complaint in an action in the Supreme Court of the state of New York, venue laid in the county of Jefferson, N. Y., was served on said Canby on said day while he was thus temporarily in the city of New York. That is the only service of the summons or complaint on the defendant. That it is insufficient and confers no jurisdiction is well settled by the decisions of the Supreme Court of the United States. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 25 Sup. Ct. 728, 47 L. Ed. 1113; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Remington v. Central Pac. R. Co. (S. C. U. S. No. 460, decided April 17, 1905) 25 Sup. Ct. 577, 49 L. Ed. 959. The complaint showing the diverse citizenship before stated alleges as its causes of action (1) the plaintiff's ownership of certain letters patent for a calculating attachment for weighing scales; (2) the making of a contract January 25, 1897, between plaintiff and defendant, the material parts of which read:

"Memorandum of agreement, entered into this day by and between The Computing Scale Co. of Dayton, Ohio and Eli B. Johnson, of Chaumont, N. Y. witnesseth;

"The said E. B. Johnson claiming to be the sole owner of Letters Patent of the U. S. #514,471, for a calculating attachment for weighing scales issued to himself, February 13th, 1894, and the said The Computing Scale Co. being desirous of manufacturing and vending the said patented article throughout the United States and territories, the said E. B. Johnson and the said The Computing Scale Co. agree as follows:

"The said E. B. Johnson agrees to grant unto the said The Computing Scale Co. the exclusive right to manufacture and vend the said patented article throughout the United States and territories during the life of the patent of said patented article under the terms, conditions and stipulations hereinafter mentioned. He agrees that any improvement he may make to the said patented article may be used by the said The Computing Scale Co. without changing the terms or conditions of this agreement. He grants unto the said The

Computing Scale Co. the right to bring suit for infringement of the said patented article, and all other rights, the same as if the said patent #514,471 was the exclusive property of the said The Computing Scale Co. so long as the conditions and terms hereinafter mentioned are fully complied with.

"The said, The Computing Scale Company, on its part agrees to at once place the said patented article in the hands of its experimental department for the purpose of perfecting the mechanism thereof, to push the sale of the scale when perfected throughout the United States and territories to promptly bring suit against infringers of said patented article, to pay to the said E. B. Johnson a bonus of two hundred & fifty ($250.00) dollars upon the signing of this agreement, to pay a royalty of twenty-five cents on each and every scale it manufactures and sells of said patented article.

"It agrees that it will not make less than one thousand of the said patented articles in any one year, or in lieu of which to pay to the said E. B. Johnson the sum of two hundred and fifty dollars per annum during the existence of this contract. It agrees that any improvement it may make on the said patented article shall not impair the rights of the said E. B. Johnson, even though it may cause said improvements to be patented, so long as the primary and foundation principles in the said patented article are retained.

"It is further mutually agreed that after the said The Computing Scale Co. shall have paid to the said E. B. Johnson the total sum of five thousand dollars, the said patent #514,471 shall become the exclusive property of the said The Computing Scale Co. and all of the right, title and interest of the said E. B. Johnson in said patent shall pass to the said The Computing Scale Co. It is further mutually agreed that if the royalties paid to the said E. B. Johnson after the first year of this agreement shall not amount to five hundred dollars annually, the said E. B. Johnson shall have the option to declare the contract void.

"It is further mutually agreed that should the said The Computing Scale Co. be unable to profitably sell and place upon the market the said patented article, it may at the end of the year declare this agreement void, provided it shall have fully complied with this agreement up to the date of such declaration."

The complaint also alleges:

"That thereafter, and on the 2d day of February, 1897, at the request of the defendant, the plaintiff executed an assignment of said patent to the said defendant, as follows:

"'Whereas Eli B. Johnson, of Chaumont, State of New York, did obtain letters patent of the United States of America, for certain Improvements in Calculating Attachments for Weighing Scales, dated the 15th day of February, 1894, and numbered 514,471.

"'And Whereas, The Computing Scale Company of Dayton, State of Ohio, is desirous of acquiring an interest therein:

"'Now therefore for and in consideration of the sum of two hundred and fifty dollars ($250) to me in hand paid, the receipt whereof is hereby acknowledged and for and in consideration of a sum of not less than five hundred dollars ($500) to be paid me annually until a total sum of five thousand dollars ($5,000) shall have been paid, as per an agreement between the parties hereunto dated January 25, 1897, I do hereby sell and assign to the said The Computing Scale Company, its successors and assigns the entire right, title and interest in and to said invention and patent together with the right to sue for past infringement, and to collect all damages and profits for past infringements, and I hereby covenant with the said The Computing Scale Company that I am the exclusive owner of the interest herein conveyed and have good right to sell and convey the same. It is understood that this assignment is made subject to the provisions of the aforesaid agreement.

"'Witness my hand this 2nd day of February, 1897. E. B. Johnson.

"'Witness

"'F. A. Duford.'

"That ever since the issuing of the patent as aforesaid plaintiff has been and now is, the sole owner thereof, subject to the rights of the defendant as contained in the contract and assignment hereinbefore mentioned. That after

the execution of said contract the defendant proceeded to manufacture computing scales under the contract of January 25, 1897, and, as this plaintiff is informed and believes, ever since has been and still continues to manufacture and sell scales under said contract, and are now engaged in manufacturing and selling the same. That the plaintiff has repeatedly demanded of the defendant that they should furnish him with a statement as to the number of scales manufactured by them for the purpose of determining the amount to which he is entitled, but defendant has refused, and now refuses, to furnish him with any statement showing the number of machines manufactured under said agreement, and plaintiff has been unable to ascertain the exact number of machines manufactured by the defendant under said agreement, but alleges upon information and belief that they have manufactured many thousands of said machines and sold the same. That the only payments made by the defendant to the plaintiff under said contract was the sum of two hundred and fifty dollars ($250.00) paid about January 25, 1897, to pay the bonus as provided in said contract, and the further sum of two hundred and fifty dollars ($250.00) paid about January 24, 1898. That there is now due and owing from the defendant to the plaintiff a large sum of money, the exact amount of which this plaintiff is unable to state on account of the refusal of the defendant to furnish him with the number of machines manufactured, as provided by said contract. That the defendant refuses to pay the amount due to the plaintiff, although plaintiff has repeatedly demanded the same. Wherefore the plaintiff demands judgment against the defendant for an accounting between the defendant and the plaintiff as to the amount due him under said contract of January 25, 1897, and that plaintiff have judgment against defendant for such an amount as may be determined upon said accounting that is due him from the defendant, together with interest thereon, and the costs of this action."

February 11, 1904, without appearing generally, defendant, on the pleadings, and on affidavits of said Canby and others as to such service, residence, etc., obtained an order to show cause from one of the justices of the Supreme Court of the state of New York, returnable February 14, 1905, why such service of such summons should not be set aside. Not waiting to make and obtain a decision of such motion, a petition for removal, verified February 4, 1905, and a bond, duly executed and conditioned as required by law in removal proceedings, were presented to Judge Scripture, one of the justices of the Supreme Court, sitting in chambers, before the return of such order to show cause. The bond was approved by such justice by a writing indorsed thereon, duly signed, and same and the petition for removal were then filed in the Supreme Court of the state of New York by filing them with the clerk of the court in his office in Watertown, Jefferson county, N. Y. No further or other proceedings were taken in the state court. Plaintiff's motion to remand is made on the following grounds:

"(1) That the matter in dispute does not exceed, exclusive of interest and costs, the sum or value of two thousand dollars.

"(2) That defendant waived and is estopped from asserting any right it may have had to remove said cause from the said state court to the Circuit Court of the United States in and for the Northern District of New York by reason of the fact that the records in this proceeding show that the defendant procured an order from said state court in said action on the 11th day of February, 1905, whereby the plaintiff was directed to show cause before a Special Term of said Supreme Court of the state of New York at the city of Utica, N. Y., on the 14th day of February, 1905, why the service of the summons herein on the defendant and all proceedings had therein should not be set aside.

"(3) That said petition for removal and the bond filed therewith were not presented to the said state court.

"(4) The Circuit Court of the United States in and for the Northern District of New York is without jurisdiction to hear and determine the cause."

Defendant had the right to move in the state court to set aside the service, and it did not, by so doing, assent or submit to the jurisdiction of the state court. Remington v. Central Pac. R. Co. (U. S. Sup. Ct., decided April 17, 1905, No. 460, not yet officially reported) 25 Sup. Ct. 577, 49 L. Ed. 959. In that case the motion to dismiss was made in the state court, and denied. An appeal was taken. It then was made to appear that the amount involved was over $2,000, whereupon the case was removed, and this court then opened the matter, and entertained and granted a motion setting aside the service. Its action was affirmed.

It appears clearly and affirmatively that the petition and bond were presented to the state court. Judge Scripture, a justice of said court, approved the bond, and made an order in the premises. The petition and bond were then filed in the state court. This was all-sufficient. Remington v. Central Pac. R. Co., supra; Groton Bridge Co. & Another v. American Bridge Co. (C. C.) 137 Fed. 284.

The complaint on its face affirmatively shows, and the petition of removal states, that the amount in controversy and sought to be recovered by the plaintiff is over $2,000. Under the first agreement set out at least $1,750 is due, and under the second—the assignment—at least $2,500 is due. The action is to recover on both. Both are set out and declared on. True, plaintiff says he does not know how many scales defendant has manufactured under the agreement, and he wants an account of such manufacture, etc. He says, in substance, that he does not know just how much to demand judgment for, but he wants all he is entitled to. In demanding an accounting under the first agreement alleged the plaintiff in no way suggests that the accounting is all he claims, or that he waives his right to recover the amounts due and unpaid under the terms of the assignment. As to the amount claimed the petition for removal says:

"The amount involved in said cause exceeds the amount of two thousand dollars, exclusive of costs and interest, said complaint being founded upon a contract under the terms of which a large amount of money, to wit, over three thousand dollars, is claimed, as will appear on its face."

If the allegations of the complaint are taken as true, plaintiff would be entitled to a judgment of over $3,600. Plaintiff now seeks to show by affidavits that he cannot recover over $1,750, and hence the amount in controversy and claimed, exclusive of interest and costs, is not over $2,000. This court does not understand that after a cause has been removed from the state to the Circuit Court of the United States on pleadings of the plaintiff showing that the amount in controversy and claimed by him in such action exceeds $2,000, exclusive of costs and interest, that he can procure the cause to be remanded to the state court by showing that the defendant insists and has insisted that the amount actually involved is very much less than the amount claimed, and that the plaintiff is willing to and does acquiesce in that claim of the defendant; or by showing that prior to the commencement of the action the

plaintiff himself asserted his claim and right of recovery to be less than, or not more than, $2,000, exclusive of interest, etc.    While the petition of removal must show the amount in controversy, and that it exceeds $2,000, exclusive of interest and costs, it is not a concession by the party making it that the sum claimed or that any other sum is due or owing.    It is a mere statement and showing of the claim made by the plaintiff in the suit.    The claim made and standing on the record of the case at the time the removal is effected is what determines the jurisdiction of the Circuit Court of the United States (assuming that the other jurisdictional facts, etc., exist).    Hayward v. Nordberg Manufacturing Co., 85 Fed. 4, 29 C. C. A. 438, see opinion, pages 8, 9, of 85 Fed., pages 442, 443 of 29 C. C. A.; Riggs v. Clark, 71 Fed. 560–563, 18 C. C. A. 242, 245.    In Riggs v. Clark, supra, it is said, page 563 of 71 Fed., page 245 of 18 C. C. A.:

"But it is the well-established rule that the question whether a case is removable or not is to be determined by the claim of the complainant, as shown by the record at the time of filing the petition.    It is that only which the court can take cognizance of and base its action upon.    Under the practice prescribed by the statute, there is no trial and determination upon extrinsic proof of the question as to how much is the actual value of the matter claimed.    Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255; Dickinson v. Trust Co. (C. C.) 64 Fed. 895."

It, of course, stands to reason, in the absence of a statutory provision to the contrary, that, the plaintiff having made his allegations of fact in his complaint filed and served in the state court, showing a removable case, one within the act of Congress, and of which the Circuit Court of the United States has jurisdiction, and the defendant having acted on such pleading and record and procured a removal of the case to such Circuit Court, and its jurisdiction having therefore and thereupon attached, the plaintiff cannot, for the purpose of defeating such jurisdiction, and having the case remanded to the state court, change his position or the record.

It follows that the motion to remand must be denied, and that the motion to set aside the service of the summons and dismiss the case for want of jurisdiction of the defendant must be granted.