## In re RUSKELL.

## FARMERS' STATE BANK OF BELMONT, WIS., v. PRUSSING.

(Circuit Court of Appeals, Seventh Circuit. November 20, 1924.)

No. 3398.

1. **Bankruptcy ⬤467—On appeal from determination, adversely to creditor, of sole question of fact presented by creditor's intervening petition, no further question for determination.**

Where sole question of fact presented by intervening petition in bankruptcy trustee's proceeding to remove cloud on bankrupt's property was determined adversely to petitioner, there was no further question for consideration on appeal, because only such order could have been made, favorable to petitioner, as was required by allegations of intervening petition, and though other relief than that specifically prayed could be granted under general prayer, it could only be such as would be consistent with specific prayer.

2. **Bankruptcy ⬤458—Issues not presented to District Court not considered on appeal.**

Issues which should have been presented to District Court by creditor, intervening in proceeding to remove cloud on title to bankrupt's property, but were not, could not be considered on appeal.

Appeal from the District Court of the United States for the Western District of Wisconsin.

In the matter of C. F. Ruskell, bankrupt. Proceeding by Frank H. Prussing, as trustee in bankruptcy, to remove cloud from bankrupt's property, wherein the Farmers' State Bank of Belmont, Wis., intervened. Decree for trustee, and intervener appeals. Affirmed.

A. W. Kopp, of Platteville, Wis., for appellant.

Wm. Ryan, of Madison, Wis., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. In June, 1923, appellee, as trustee of C. F. Ruskell, a voluntary bankrupt, filed his petition in the District Court, alleging possession of the real estate and personal property of bankrupt, and that in February, 1922, bankrupt, with his wife, executed and delivered a deed to the real estate in question to one John Ruskell for the purpose of placing the title in said Ruskell in trust, to sell and pay the creditors of bankrupt; that there was no change of possession, and bankrupt continued to occupy and carry on the business of farming said real estate as if there had been no sale; that said Ruskell made no claim to

the property by virtue of said deed; that the deed was recorded and constitutes a cloud upon the title to the real estate. The petition also recites the making of a chattel mortgage on the same date the deed was made, as a part of the same transaction, and for the same purposes; that John Ruskell makes no claim to the chattel property by reason of the mortgage; that the chattel property is in the possession of the trustee, and said mortgage constitutes a cloud upon the title. The prayer is that John Ruskell and Isabel, his wife, be required to show cause why the deed and mortgage should not be held void.

In July, after the entry of a rule upon John Ruskell and wife to show cause why the prayer should not be granted, appellant filed an intervening petition, alleging that it was a judgment creditor of John Ruskell, and reciting the conveyances from bankrupt to John Ruskell, substantially as set out in the trustee's petition. It was further averred that about the time of the delivery of the deed and chattel mortgage bankrupt was indebted to John Ruskell in a large sum, and, in addition, John Ruskell had become indorser for bankrupt to a large amount; that the deed and chattel mortgage were given for the purpose of securing the said John Ruskell on his said indebtedness and indemnifying him against loss by reason of his assumption of liability as surety. The petition further shows, in answer to the trustee's petition, that "John Ruskell appeared, without counsel, and did not in good faith resist the said order to show cause, * * * and is fraudulently contriving to defeat his creditors"; that, as John Ruskell had no other property, the petitioner would suffer great and irreparable loss if John Ruskell's rights in the property in question were not preserved; and that, unless petitioner be permitted to intervene, the property of John Ruskell will be dissipated and creditors defrauded. The prayer of the intervening petition is: "That an order may be entered, declaring said deed hereinbefore referred to an equitable mortgage, and holding said equitable mortgage and chattel mortgage valid and subsisting in favor of John Ruskell." There is also a prayer for general relief.

[1] 1. The trustee's petition, directed only against John Ruskell and his wife, presented the issue, upon the facts alleged, as to whether the deed and chattel mortgage should be canceled and set aside as a cloud on the trustee's title. Neither John Ruskell nor his wife contested the petition, but, because of alleged bad faith on Ruskell's part in failing to do so, and because it alleged it was a judgment creditor of John Ruskell, appellant asked and was granted permission to intervene on one issue only, viz.: "That said deed and chattel mortgage were given for the purpose of securing the said John Ruskell on his said indebtedness and indemnifying him against loss by reason of the said assumption of liability as surety as aforesaid."

Appellant here ignores the fact that it asked and was allowed to intervene in the District Court on the theory that, as a judgment creditor of John Ruskell, it should be permitted to make a defense to the trustee's petition, which John Ruskell was fraudulently failing and refusing to make, namely, that whatever interest was conveyed by the deed and chattel mortgage to John Ruskell was an interest wholly for his personal benefit, and not as trustee for all of bankrupt's creditors. It admits, however, that the issue upon the question of fact was resolved against it by the District Court. After a careful review of the record, we are of opinion that there is no justification for disturbing the finding of the referee and the District Court that the deed and chattel mortgage were made to John Ruskell, as trustee for all of bankrupt's creditors, and were not made for the sole personal benefit of John Ruskell. The intervening petition presented only a question of fact, and, with that question determined against appellant, there is no further question here for consideration, because, upon the intervening petition, only such an order could have been made, favorable to appellant, as was justified by the allegations of the intervening petition, and while other relief than that specifically prayed may be granted under a general prayer, it can only be such relief as is consistent with the specific prayer. This principle is so old as to hardly need citation of authorities. English v. Foxall, 2 Pet. 611, 7 L. Ed. 531; Hobson v. McArthur, 16 Pet. 195, 10 L. Ed. 930; Boone v. Chiles, 10 Pet. 228, 9 L. Ed. 388.

[2] 2. But appellant claims that "issues of law were based on the finding of the court that the transaction was an attempted assignment for the benefit of all creditors and void for various reasons assigned." Whether the transaction was an attempted assignment for the benefit of creditors, or whether it was an equitable mortgage for the sole personal benefit of John Ruskell, is the same question of fact, which we have found, and which appellant admits, was decided adversely to it; so that that question cannot be open to further discussion.

Appellant's discussion of the law is made under three heads: (a) That the assignment was not void by the terms of the statute. It says: "Appellant contends that, even under the facts found by the referee, the assignee had the right to hold and administer the property in state courts, if the statute had remained in force. It would have avoided any preference and permitted the assignee to administer the trust under the state law." This presents a question wholly opposed to appellant's purpose and position on the intervention. It was there said that Ruskell was not an assignee. Nor did Ruskell or any one for him present any such question on the pleadings to the District Court. (b) Appellant says the federal Bankruptcy Act (Comp. St. §§ 9585–9656) suspends all state insolvency laws. That presents a question that could not possibly be involved under the intervening petition; nor could the final urge (c) that the Wisconsin statute had been suspended and was not in force be involved. Those are questions which John Ruskell, as assignee or trustee of bankrupt, under the instruments in question, had the right to present to the District Court, but did not.

It is possible, though we do not so hold, that those questions might have been presented by some intervening creditor, insisting that there was, by the making of the deed and mortgage, a valid assignment for the benefit of creditors; but the only creditor who intervened is appellant, and on a theory, as we have seen, wholly antagonistic to that contention. Those questions were not before the District Court, and are not before this court.

Judgment affirmed.