## JONES *v.* VAN DOREN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 202. Argued March 14, 1889. — Decided May 13, 1889.

A bill in equity by a widow to obtain her right of dower, alleging that she conveyed it to one of the defendants upon an express trust for her, and he conveyed to the other defendants with notice of the trust, may be allowed to be amended by alleging that she was induced to make her conveyance by his fraudulent misrepresentations as to the nature of the instrument.

Upon a bill in equity by a widow against one who has obtained from her by fraud a conveyance of her right of dower, and another who, with notice of the fraud, has taken a mortgage from him, and has foreclosed the mortgage by sale of all the land, part to the mortgagee and part to a purchaser in good faith, and praying for an account, a redemption of the mortgage and a reconveyance of the land still held by the mortgagee,

and for general relief, dower may be decreed, and damages if necessary to give full indemnity.

In a suit in equity to obtain a right of dower from persons who have taken conveyances thereof by, or with notice of, fraud upon the plaintiff, the statute of limitations begins to run only from her discovery of the fraud.

This was a bill of equity, filed May 18, 1883, by Sarah M. Jones, a citizen of Pennsylvania, against Matilda A. Van Doren, a citizen of Indiana, and Samuel J. Jones and Samuel J. Glover, citizens of Illinois.

The original bill alleged that Robert H. Jones died intestate in April, 1863, leaving the plaintiff, his widow, and the defendant Jones, his son and only heir at law, and seized in fee of one fourth undivided part of certain land described, in Minnesota; that the plaintiff became entitled to a dower interest therein, which by the laws of Minnesota was a life estate in one third part, and the son became vested with the title in fee, subject to her dower interest; that she, being informed that the estate was involved in litigation, and having little or no knowledge of business, and at his request, for no consideration, and merely for the purpose of facilitating the conduct of the litigation, made a quitclaim deed of her interest to him; and that he accepted the deed upon the express understanding and agreement to receive it for that purpose only.

The bill further set forth, as the result of the litigation, that certain described parcels of the land were set off to him in severalty; and alleged that he, conspiring and confederating with the defendant Matilda A. Van Doren (who was fully advised of all the facts above alleged) to defraud the plaintiff of her dower estate, made a mortgage by a conveyance in trust to the defendant Glover, on July 25, 1871, of all the land so set off, including the plaintiff's interest therein, to secure a sum of $10,000 lent to him by Mrs. Van Doren; that, as part of the conspiracy, a suit for foreclosure was begun in the name of Glover on August 26, 1876, and a decree obtained therein, under which all the land was sold, and (except a small portion purchased by one Galusha) bought by Mrs. Van Doren for the sum of $8745.14, and a final decree, vesting title in the pur-

chasers, was entered on May 22, 1880; that the plaintiff was ignorant of the mortgage and of the foreclosure suit until long after the final decree therein; that on December 16, 1876, in order to protect her dower right, she paid $1808.48 in discharge of taxes on the land, of which payment the defendants availed themselves; and that Mrs. Van Doren, in 1881, sold a portion of the land to one Marshall, a *bona fide* purchaser, for the sum of $10,000, which she received and applied to her own use, and still held the rest of the land.

The plaintiff further alleged that before filing her bill she demanded an account of Mrs. Van Doren, and offered to pay her all moneys paid or expended by her on or about the land, with interest, in redemption of the mortgage, and demanded a reconveyance, but she refused; and that the plaintiff was ready and willing to pay to her all sums of money, and to do all other acts, that might be adjudged by the court necessary to redeem the land from the mortgage and foreclosure.

The bill prayed for an account; and that the plaintiff, on paying to Mrs. Van Doren such sums as the court might direct to enable her to redeem the mortgage, should be adjudged to be entitled to redemption, and Mrs. Van Doren might be ordered to reconvey the land still held by her; and for such other or different relief as the nature of the case might require and as might be agreeable to equity.

A demurrer to that bill was sustained and the bill dismissed, on the ground that, the plaintiff having conveyed her interest by a deed absolute on its face, the statute of frauds would not permit her to set up an oral trust, and, as no fraud, accident or mistake in making that deed was alleged, no trust arose by implication of law. 18 Fed. Rep. 619.

The bill was then amended by substituting, for the allegations concerning the plaintiff's conveyance to the defendant Jones, allegations that he, with intent to defraud her, prepared an instrument which he represented to be a power of attorney to enable him to act for the plaintiff in regard to certain anticipated litigation and other business, and thereby induced her to sign it; that the instrument was in fact, as he knew, a quitclaim deed of all her right of dower; that she did

not read the instrument, or know its true character or effect, but relied on his representations, and, had she read it, was then so ignorant of business that she would not have understood its legal purport; and that she always, until within six months before the filing of this bill, believed that the instrument was a mere power of attorney.

The defendant Van Doren demurred to the amended bill; and afterwards moved to have it stricken from the files, for the reason that it stated a new and different cause of action, the original bill being based upon an express trust, and the amended bill upon a resulting trust arising by implication of law. The court overruled the motion; but sustained the demurrer, on the ground that the plaintiff was not entitled to the specific relief prayed for, as shown by its opinion sent up with the record and printed in the margin.[1] A final decree was

---

[1] NELSON, J. The demurrer is sustained, for the reasons:

1st. If the allegations of the bill of complaint are true, the right of the complainant to bring her action to recover dower exists, unless the statute of limitations of the State of Minnesota has barred such recovery. Of course, if she has lost all right of action by laches, the bill must fail, for the relief claimed is based upon an interest in the property as doweress.

2d. If not barred by the statute of her action to recover dower, the fraud alleged, which creates an impediment to a recovery at law, can be removed by a suit in equity and her dower obtained. Equity furnishes the most adequate and complete remedy, and dower is highly favored in that forum.

3d. The complainant is not entitled by the fraud alleged, if true, to anything more than dower; she is not entitled to the whole property. If, by a fraud perpetrated upon her, which the defendants were cognizant of and participated in, as alleged, she has been prevented from asserting her right to dower by a suit at law, she is not thereby deprived of all remedy to recover it. The relief prayed for in this bill as amended does not necessarily follow from the facts alleged therein and admitted by the demurrer. The demurrer goes to the relief prayed; and, not being entitled to the relief, the bill must fail.

In the original bill, the relief claimed was based upon the admitted allegation that the quitclaim deed was voluntarily given, and accompanying it was a parol trust for the benefit of the grantor, known to the defendants at the time the property was mortgaged. This bill was held bad on demurrer, for the reason that such a trust as alleged could not be created and recognized, it being in violation of the laws governing uses and trusts, which were specially defined by the statutes of Minnesota. The amendments have changed the features of the bill, and it is doubtful whether they are proper; but I have overruled a motion to strike them from the files and decided the demurrer upon the bill as amended. *Demurrer sustained.*

entered dismissing the bill, and the plaintiff appealed to this court.

*Mr. Charles E. Flandrau* and *Mr. Jeremiah Leaming* for appellant.

*Mr. J. M. Gilman* (with whom was *Mr. C. K. Davis* on the brief) for appellees.

I. The amended bill should be stricken from the files for the reason that the same is not in form, substance or effect an amendment to the original bill, but a new and different cause of action. A party cannot, under the privilege of amending, introduce matter which would constitute a new bill. *Snead* v. *McCoull*, 12 How. 407; *Shields* v. *Barrow*, 17 How. 130; *Pratt* v. *Bacon*, 10 Pick. 123; *Platt* v. *Squire*, 5 Cush. 551; *Verplanck* v. *Mercantile Ins. Co.*, 1 Edw. Ch. 46; *Crabb* v. *Thomas*, 25 Alabama, 212; *Carey* v. *Smith*, 11 Georgia, 539; *Goodyear* v. *Brown*, 3 Blatchford, 266.

II. The amended bill makes no case entitling the complainant to any relief. The only interest she claims in the property is that of dower, and by virtue of that interest she seeks to redeem the mortgage upon the theory that it is necessary to do so in order to secure her dower interest. The mortgage and foreclosure proceedings were regular, legal and valid so far as respects the interest of Samuel J. Jones in the property, and cannot be disturbed by the plaintiff. If she has a dower interest in the property, she can proceed and recover it irrespectively of the mortgage or foreclosure. The interest of her husband, Robert H. Jones, was a legal, not merely an equitable interest, and she was not a party to the mortgage; and in such cases a widow need not redeem a mortgage in order to recover her dower interest, and will not be allowed to do so. *Messiter* v. *Wright*, 16 Pick. 151, *Davis* v. *Wetherell*, 13 Allen, 60; *S. C.* 90 Am. Dec. 177; *Whitcomb* v. *Sutherland*, 18 Illinois, 578; *Opdyke* v. *Bartles*, 11 N. J. Eq. (3 Stockton) 133. Where the mortgage is not binding and operative upon the widow, because she was not a party to it, or because it was

obtained by fraud, or for any other reason, she can have her dower regardless of the mortgage, and therefore will not be allowed to redeem it. And when a husband makes a deed to defraud his creditors, and without consideration, and his wife joins in the deed, she may still have dower in the premises as against the grantee and all persons claiming under him with notice. *Woodworth* v. *Paige*, 5 Ohio St. 70.

Upon the facts stated in the amended bill, the plaintiff could have proceeded and recovered her dower before the mortgage was given, notwithstanding her deed to her son; and Mrs. Van Doren stands in no better position, as she took the mortgage, according to the allegations of the bill, with full notice that Samuel J. Jones obtained the deed, from his mother by fraud, and without consideration. In other words, the dower right is anterior and superior to the mortgage and to all rights acquired under the same. The complainant, therefore, would not have been a proper party in the suit to foreclose the mortgage, and had she been made a party, the decree would not have barred or in any way affected her right of dower. *Lewis* v. *Smith*, 9 N. Y. 502; *S. C.* 61 Am. Dec. 706; *Bank* v. *Thomson*, 55 N. Y. 7.

Where land of a bankrupt is sold by order of court which declares that all liens and incumbrances shall be discharged by the sale, the dower right of the wife is not thereby cut off. *Porter* v. *Lazear*, 109 U. S. 84. If the mortgage or the foreclosure proceedings did in any way prejudice her dower rights, she could, in a proper suit, have the cloud or difficulty removed. *Burns* v. *Lynde*, 6 Allen, 305. But no such action is necessary. If she has a right of dower in the premises she seeks now to redeem from the mortgage, neither the mortgage nor the foreclosure proceedings cut off, or stand in the way of, or prejudice her right to a direct proceeding for the recovery of her dower.

III. The plaintiff is barred of her dower right by § 4, of c. 66, General Statutes of Minnesota of 1878, being the twenty year limitation clause against the recovery of real estate. *Seymour* v. *Carli*, 31 Minnesota, 81. As she bases her right to maintain the action upon her alleged right to dower in the premises, of course if she is barred of her right

to recover dower she cannot maintain this action. She alleges that her husband died in April, 1863. Her right to dower, and right to recover it, then and thereupon immediately accrued and became barred in twenty years. *Durham* v. *Angier*, 20 Maine, 242; *Jones* v. *Powell*, 6 Johns. Ch. 194; *Allen* v. *Allen*, 2 Penn. 310; *Conover* v. *Wright*, 2 Halst. Ch. (6 N. J. Eq.) 613; *S. C.* 47 Am. Dec. 213; *Tuttle* v. *Willson*, 10 Ohio, 24; *Kinsolving* v. *Pierce*, 18 B. Mon. 782; *Caston* v. *Caston*, 2 Rich. Eq. 1.

The bill alleges that plaintiff never resided in Minnesota, therefore she could never have been "seized or possessed" of the land, as required by the statute. It is also held that where the right of dower is not embraced in the statute of limitations, a court of equity will, by analogy to the statute, refuse relief where a party has slept upon her dower rights for twenty years without claiming it. *Ralls* v. *Hedges*, 1 Dana (Ky.) 407; 2 Scribner on Dower, 532.

IV. If the plaintiff ever had a right to redeem the land from the mortgage, she was barred of that right before the commencement of this action. Section 11 of the same chapter provides that, "Every action to foreclose a mortgage upon real estate shall be commenced within ten years after the cause of action accrues," and it has repeatedly been held by our Supreme Court that the right to redeem and the right to foreclose a mortgage are reciprocal and commensurable, and that the right to redeem is therefore barred in ten years. *King* v. *Meighen*, 20 Minnesota, 264; *Parsons* v. *Noggle*, 23 Minnesota, 328.

Mr. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The only difference between the original and amended bills is that the first alleges that the defendant Jones took the conveyance of the plaintiff's right of dower upon an express trust for her, whereas the second alleges that he procured the conveyance from her by fraudulent misrepresentations as to the nature of the instrument, creating a trust by operation of law in

her favor. The other facts alleged in the two bills are substantially identical. Each bill proceeds upon the ground that the defendant Jones was a trustee for the plaintiff, and that the defendant Van Doren, taking the land from him with notice of all the facts, was affected by the trust; and the object of both bills is the same, to obtain the right of dower of which the plaintiff has been deprived by the acts of the defendants, and to which she was entitled under the laws of Minnesota in force at the time of her husband's death. Pub. Stat. 1849–1858, c. 36, §1.

The amendment was therefore one which the court in the exercise of its discretion might properly allow, and the motion to strike the amended bill from the files was rightly denied. *Hardin* v. *Boyd*, 113 U. S. 756.

But we are of opinion that the court erred in sustaining the demurrer to the amended bill.

One who by fraudulent misrepresentations obtains a conveyance from the owner of any interest in property, real or personal, is in equity a trustee *ex maleficio* for the person defrauded; and any one taking the property from such trustee with notice of the fraud and of the consequent trust is affected by the trust. *Tyler* v. *Black*, 13 How. 230; *National Bank* v. *Insurance Co.*, 104 U. S. 54; *Moore* v. *Crawford*, 130 U. S. 122. When a trustee, dealing with the trust property together with property of his own, as one mass, conveys part of the whole to a purchaser who takes it for value, in good faith, without notice of the fraud or of the trust, and who therefore acquires a good title, the question how far the rest of the property shall be charged with the trust, so as fully to indemnify the person defrauded, can only be determined in a court of equity.

In the present case, upon the facts alleged in the amended bill, and admitted by the demurrer, the defendant Jones obtained a conveyance of the plaintiff's dower interest by fraud, and held that interest in trust for her. The defendant Van Doren, taking the property with full notice, was equally affected by the fraud and bound by the trust. Parts of the property, having been conveyed to *bona fide* purchasers, were

beyond the reach of the plaintiff. Full, adequate and complete relief, either by awarding to the plaintiff her dower in the whole out of the part not so conveyed, or by awarding her dower in that part only, with damages for having been fraudulently deprived of her interest in the rest, could not be had in an action at law. The case made in the bill, therefore, by reason of the fraud, the trust, and the peculiar relief which the conduct of the defendants has made necessary to be given in order fully to indemnify the plaintiff, is clearly within the jurisdiction of a court of equity. *Herbert* v. *Wren*, 7 Cranch, 370.

The learned judge of the Circuit Court, in his opinion sustaining the demurrer to the amended bill, recognized that "the fraud alleged, which creates an impediment to a recovery at law, can be removed by a suit in equity and her dower obtained," and that "equity furnishes the most adequate and complete remedy, and dower is highly favored in that forum." The ground on which he declined to support the amended bill was that the plaintiff was not entitled to the specific relief prayed for.

It is true that the prayer of the bill, being apparently drawn upon the supposition that the plaintiff might be held bound by the mortgage, is chiefly directed towards securing a right to redeem. In that aspect of the case, she properly offered to redeem the whole property, by paying off the whole mortgage, because she could not, unless at the election of the mortgagee, redeem by paying less. *Collins* v. *Riggs*, 14 Wall. 491; *McCabe* v. *Bellows*, 7 Gray, 148. But the general object of the bill is to secure to the plaintiff the dower interest of which she has been defrauded, and the bill contains a prayer for general relief. This is sufficient to enable a court of equity to decree such relief as the facts stated in the bill justify. *English* v. *Foxall*, 2 Pet. 595; *Tayloe* v. *Merchants' Ins. Co.*, 9 How. 390; *Texas* v. *Hardenberg*, 10 Wall. 68.

What has been said furnishes an answer also to the argument that the plaintiff's right, if any, is barred by the statute of limitations. The plaintiff is not suing for her dower as such, the right to which accrued in 1863, but for property

of which she has been defrauded, and in such a case the statute of limitations begins to run only from the discovery of the fraud. *Moore* v. *Greene*, 19 How. 69; *Meader* v. *Norton*, 11 Wall. 442; *Cock* v. *Van Etten*, 12 Minnesota, 522; Minnesota Gen. Stat. 1878, c. 66, § 6, cl. 6.

*Decree reversed, and case remanded, with directions to over-rule the demurrer to the amended bill, and to take such further proceedings as may be consistent with this opinion.*