## WESTERN WHEELED SCRAPER CO. v. GAHAGAN et al.

(Circuit Court, E. D. New York. March 30, 1907.)

**1. PLEADING—AMENDMENT—EFFECT OF GENERAL APPEARANCE BY DEFENDANT.**

The rule that the filing of a notice of appearance or of a general pleading, such as an answer, is equivalent to a general appearance for all purposes of the case, is limited in its application by the scope of the action in which such appearance or pleading is filed; and such an appearance does not authorize an amendment of plaintiff's pleading, so as to state a new or different cause of action upon which the defendant could not originally have been sued in that jurisdiction.

**2. EQUITY—PLEADING—AMENDMENT OF BILL—PATENTS—SUIT FOR INFRINGEMENT.**

In a suit in equity against two defendants, one of which was a nonresident corporation, for infringement of patents, the bill alleged a conspiracy and a joint infringement by defendants within the district of suit; the corporation by selling to its codefendant, and the latter by buying and using the infringing article in said district. Both defendants appeared, and filed a joint and several answer, denying the alleged infringement. *Held*, that such appearance by the corporation was limited to the cause of action stated in the bill, and did not empower the court to permit

its amendment by dismissing as to the other defendant and alleging infringement generally by the corporation in said district "and elsewhere in the United States," and that it had conspired "with others" to infringe.

In Equity. On motion for leave to amend bill.

Philip B. Adams, for complainant.
Philipp, Sawyer, Rice & Kennedy, for defendants.

CHATFIELD, District Judge. The complainant has filed a bill in equity alleging the infringement of two certain patents for improvements in dump cars, of which letters patents and the rights thereunder complainant claims to be the sole and exclusive owner, in the following terms:

"(9) And your orator further avers that the said defendants, well knowing the premises and the rights and privileges secured unto your orator in and by the said letters patent, and contriving to injure your orator and to deprive it of the profits, benefits, and advantages which might, and otherwise would, accrue to it from the said letters patent, and each of them, prior to the commencement of this suit and within six years last past, have, without the license and authority of your orator and against its will, infringed upon the aforesaid letters patent Nos. 612,263 and 668,927, at the borough of Brooklyn, in the district aforesaid, and elsewhere in the United States; that is to say, the defendant William J. Oliver Manufacturing Company has furnished to the defendant Walter H. Gahagan at and within said district, and the said Walter H. Gahagan has purchased from the said defendant William J. Oliver Manufacturing Company within said district, and has used and caused to be used, large numbers of dump cars containing and embodying the improvements and inventions described in said letters patent," etc.

"(10) And your orator, further complaining, upon information and belief avers that the said defendants have conspired and confederated together to infringe upon your orator's said letters patents, and each of them, by using and causing to be used, within the Eastern district of New York, and elsewhere within the United States, dump cars containing and embodying the inventions and improvements covered and secured by said letters patent, and each of them, and threaten to continue so to do."

"(11) And your orator further avers that the said defendants have received and enjoyed, and are still receiving and enjoying, great gains, profits, and advantages from the unlawful use of the said invention set forth in said letters patent, and each of them," etc.

The defendants appeared in the action generally and jointly, and upon the 8th day of October, 1906, filed an answer, in which they set forth jointly and severally that they deny the various allegations of the complainant's bill of complaint and contest the validity of the patents on which the action is brought. The defendants also allege in their answer that the defendant Walter H. Gahagan purchased certain scrapers of the defendant company, and that the said company sold the said cars to said defendant Gahagan, and that the cars were used by Gahagan in his regular business; and the defendants then allege that these cars contained no infringement of the two letters patent. The defendants also deny conspiring or confederating together to infringe these patents, by causing the said cars to be used in the Eastern district of New York.

The present motion is made by the complainant for leave to file an amendment to the complaint, as follows: First, by dismissing the said

bill against the defendant Walter H. Gahagan; and, second, by substituting, in the place of the paragraphs of the complaint above set forth, a paragraph, numbered 9, averring that "the defendant corporation, in the Eastern district of New York and elsewhere in the United States, made, sold, and used, and caused to be used, large numbers of dump cars containing and embodying the inventions and improvements described in the letters patents, and threaten to continue so to do," etc., and by substituting a paragraph, numbered 10, for paragraph 10 above set forth, in which the complainant alleges that the defendant company has conspired and confederated "with others" to infringe upon the said letters patent, "by selling and causing to be used within the Eastern district of New York and elsewhere in the United States dump cars," etc., and by striking from the prayer for relief any claim against the said Walter H. Gahagan.

The first proposition advanced is that the filing of a general notice of appearance, or of a general pleading, such as an answer, in an action, is equivalent to an appearance for all purposes. While this is a well-recognized principle of law, its application in any particular instance is limited by the scope of the action in which the appearance or pleading is filed. If this were not so, a pleading in a cause of action for infringement of a patent in equity could be amended and continued for damages for personal injuries sounding in tort. In the United States courts much broader freedom of action in the way of amendments, under the authority of section 954, Rev. St. [U. S. Comp. St. 1901, p. 696], is allowable, than under the state rules and Codes of Procedure; but even in the United States courts the authorities hold that an amendment to a bill may be allowed only—

"when the bill is found defective in proper parties, in its prayer for relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself or for putting in issue new matter to meet allegations in the answer. Shields et al. v. Barrow, 58 U. S. 143, 15 L. Ed. 158, following Verplank v. Mercantile Ins. Co., 1 Edw. Ch. (N. Y.) 46, and Story's Eq. Pl. 884. To strike out the entire substance and prayer of a bill, and insert a new case by way of amendment, * * * is not properly an amendment, and should not be considered within the rules on that subject. * * * It is apparent that, if it were in the power of a Circuit Court of the United States to make and enforce orders like this, both the article of the Constitution respecting the judicial power and the act of Congress conferring jurisdiction on the Circuit Courts would be practically disregarded in a most important particular. Id."

The last sentence, while referring to a different order than that asked for on this motion, is exactly applicable to the present situation.

In the case of Neale v. Neales, 76 U. S. 1, 9, 19 L. Ed. 590, an amendment to a bill in equity was allowed, and the court says:

"It is unnecessary, in the view we have taken of the power of the court over amendments at the hearing, to discuss the question whether the amended bill is materially different from the original bill. It is enough to know, if different, that the subject-matter of both bills is the same."

In Brainard v. Buck, 184 U. S. 99, 22 Sup. Ct. 458, 46 L. Ed. 449, exception to the action of the court below in allowing an amendment of an original bill was taken on the ground, as asserted by the appellants, that the cause of action set forth in the amendment is new,

different, and distinct from that set forth in the original bill. The Supreme Court, as it did in the case of Jones v. Van Doren, 130 U. S. 684, 9 Sup. Ct. 685, 32 L. Ed. 1077, determined that the amendment was within the discretion of the court, as the purpose of both bills was the same, they arose from the same transaction, and were based upon the same general rule of law applicable to resulting trusts.

It cannot be contended in the case at bar that the cause of action for an infringement of a patent in the Eastern district of New York is the same as a cause of action for an infringement of the same patent in some other state of the United States, or that the various causes of action could arise from the same state of facts. The various transactions out of which these alleged causes of action arise involve different parties; and under the rule of the cases above stated the amendment asked cannot be allowed.

But, as a matter of fact, the purpose of the amendment asked here is not merely to substitute a different cause of action, with additional parties. It is an attempt to bring in alleged causes of action which could not have been brought for lack of jurisdiction in the district where this suit was begun. The sole ground for this attempt to try other suits than the one stated is the argument that the defendant in the particular action has waived his right to object to the jurisdiction of that action by a general appearance. The effect of granting the present motion would be to remove the defendant Gahagan from the action, and to allow every infringement by the defendant company of the two patents claimed by the complainant to be tried in this district and in this suit. The words "and others," in the tenth paragraph as proposed, would include all sales made in every part of the United States, in which the defendant company in Tennessee had sold to any one scrapers embodying or employing the alleged inventions referred to in the claims of the patents in suit. Such an amendment would seem to be clearly beyond the power of the court.

A further objection to the amendment is that the language of the proposed amendment is broad enough to cover alleged infringements subsequent to the filing of the bill of complaint. But this objection does not go to the merits, and, if the amendments should be allowed at all, would be provided for in the order of the court. If the complainant were asking leave to amend its pleadings merely by discontinuing as to the defendant Gahagan, and to amend its prayer for relief so as to ask for an injunction and damages for the alleged infringement in this district against the defendant corporation alone, the motion might properly be granted. The infringement might still be joint, and the other allegations of the pleadings could stand; but proof would be limited to the acts of the defendant corporation in this district in connection with the sales to Gahagan. The relief asked for on the present application seems to be very much broader, and beyond the power of the court to grant.

The motion will therefore be denied.