FIELD et al. v. CAMP et al.†

(Circuit Court of Appeals, Fifth Circuit. January 7, 1913.)

No. 2,318.

1. ASSIGNMENTS (§ 8*)—VALIDITY—CONTRACTS BETWEEN PROSPECTIVE HEIRS FOR DIVISION OF PROPERTY.

An agreement between the children and heirs at law of a decedent, made during her lifetime, for the division of her property between them after her death, without regard to any will she might make, while not binding on the mother, may be enforced in equity as between the parties thereto.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 13; Dec. Dig. § 8;* Contracts, Cent. Dig. § 509.]

2. EQUITY (§ 365*)—PLEADING—MULTIFARIOUSNESS.

A bill in a federal court, which was multifarious and tendered no clearly defined issue which was within the jurisdiction of the court, held properly dismissed without prejudice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 769–771; Dec. Dig. § 365.*]

Appeal from the Circuit Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Suit in equity by Annie C. Field and another against Sarah A. Camp and others. From a decree dismissing the bill, complainants appeal. Affirmed.

For opinion below, see 193 Fed. 160. See, also, 189 Fed. 285.

Richard H. Field and Charles E. Small, both of Kansas City, Mo., for appellants.

Geo. F. Gober, of Atlanta, Ga., Daniel W. Blair, of Marietta, Ga., and W. G. Brantley, of Brunswick, Ga., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and MEEK, District Judge.

SHELBY, Circuit Judge. The case is fully stated in the opinion of the court below. 193 Fed. 160. We concur in the conclusion of the court that relief could not be granted on the bill as framed. It is clearly multifarious, and much of the relief prayed for relates to matters pending in a court of competent jurisdiction, where only the relief asked for could be obtained.

[1] The agreement between the children of Jane M. Camp as to the disposition of her property was, of course, not binding on Jane M. Camp. But such agreements may, in equity, be binding on the parties to them. 1 Story's Eq. Jur. (5th Ed.) § 265; 2 Pomeroy's Eq. Jur. (3d Ed.) § 931, note 6; Clendenning v. Wyatt, 54 Kan. 523, 38 Pac. 792, 33 L. R. A. 278, and note page 266; Parsons v. Ely, 45 Ill. 232; In re Garcelon, 104 Cal. 570, 38 Pac. 414, 32 L. R. A. 595, 43 Am. St. Rep. 134; Lewis v. Madison, 15 Va. 303; Wethered v. Wethered, 2 Eng. Ch. 184; s. c., 2 Sim. 183; Hyde v. White, 9 Eng. Ch. 425.

[2] The only real and substantial controversy between the parties to this suit, of which the court below had jurisdiction, is as to the 87 acres of land conveyed to Sarah A. Camp by Jane M. Camp. But that controversy, if presented at all by the bill, is so involved and covered up by other matters, of which the lower court had no jurisdiction, and which are irrelevant to the main question, that we find ourselves unable to hold that the court erred in sustaining the defenses presented. The bill contains no sufficient allegations of facts to show that the deed from Jane M. Camp to Sarah A. Camp of the 87 acres of land was obtained by undue influence or fraud. Mackall v. Mackall, 135 U. S. 167, 10 Sup. Ct. 705, 34 L. Ed. 84.

The deed to Sarah A. Camp from her mother bears date December 19, 1908. Her mother died June 3, 1911. She devises the same land by her will to Sarah; but the testatrix had already parted with her title by the deed more than two years before her death, when the will became effective. If the bill had been written solely to enforce the agreement between the heirs, treating the procuring of the deed to the 87 acres as a breach of that agreement and seeking to obtain a decree that Sarah A. Camp held the 87 acres in trust, subject to the terms of the agreement between the expectant heirs of Jane M. Camp, a case would have been presented that at least required a defense by answer. Bispham's Prin. of Eq. (7th Ed.) 149, § 91; Jones v. Van Doren, 130 U. S. 684, 691, 9 Sup. Ct. 685, 32 L. Ed. 1077. We cannot find in the bill sufficient averments, based on such a theory, to give it equity. It deals, as we have said, with other questions—trusteeships of Jane M. Camp's separate estate, the administration of the estate of George H. Camp, controversies between the executors and controversies between the trustees, and many other irrelevant and disconnected matters—all interesting and important to the parties, but not susceptible of being grouped into one suit.

The decree dismissing the bill will be amended to make the dismissal without prejudice, and, as so amended, is affirmed.