## KELLOGG v. WINCHELL et al.

(Court of Appeals of District of Columbia. Submitted October 11, 1921. Decided November 7, 1921.)

No. 3479.

1. **Wills �köö697(1)—Bill to construe not maintainable by person claiming no interest.**

Though equity will entertain a suit to construe a will at the request of a trustee, guardian, or the like, so that positive directions may be given to him, a bill merely requesting that certain provisions of a will be construed, without showing that plaintiff was an executor or trustee, or that he asserted any right of property in himself or any one else which he asked the court to adjudicate, is insufficient.

2. **Equity �köö427(3)—Prayer for general relief authorizes only relief permissible under pleadings.**

Though under the prayer for general relief, the court can give any relief to which the allegations of the bill entitle plaintiff, it cannot give him relief not authorized by the allegations.

3. **Costs �köö240—Taxed to intervener after abandonment by appellant.**

Where appellant abandoned his appeal after it was docketed, but his attorney intervened to protect his claim to the property under his contract with appellant and was permitted to prosecute the appeal, the costs which were incurred after the abandonment by appellant will be taxed on affirmance to the intervener and not to appellant.

Appeal from the Supreme Court of the District of Columbia.

Suit by Sherman Kellogg against Fred A. Winchell and others. From a decree dismissing the bill for failure to state a cause of action, plaintiff appeals. Affirmed.

See, also, — App. D. C. —, 273 Fed. 745.

Henry E. Davis, Edmond C. Fletcher and Walter C. Clephane, all of Washington, D. C., for appellant.

Frank J. Hogan, George E. Hamilton, and John J. Hamilton, all of Washington, D. C., for appellees.

SMYTH, Chief Justice. This cause comes here from the action of the trial court in dismissing Kellogg's bill on the ground that it did not state a cause of action.

Kellogg, a legatee and devisee under his brother's will, instituted a suit in equity for the sole purpose of having the will construed. After asking twelve questions with respect to the meaning of different items, he prayed (a) that the will be construed; (b) that the executor be directed as to the manner in which certain personal estate in his hands should be distributed; (c) that the trustee be directed as to whom belonged the legal title to real estate described in item 4 of the will, and the accrued rents and profits arising therefrom; and (d) for general relief.

[1] It will be observed at a glance that he asserts no right of property in himself or in anybody else which he asks the court to adjudicate

⊆⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and protect. The purpose of the bill is to procure the advice of the court as to the meaning of certain provisions of the will. A court of equity does not sit for that purpose, unless where the request is made by a trustee, guardian, or the like, and then only that positive directions may be given to him. Of course, if the executor or trustee were charged by Kellogg with doing, or attempting to do, something inconsistent with his rights under the will, as he saw them, it would be proper for him to appeal to the court for protection, and as an incident to the granting of that protection it might become necessary to construe the will. But he makes no such charge.

[2] Under the prayer for general relief, the court had power to give him any assistance which the allegations of his bill entitled him to; but, as we have already remarked, they did not entitle him to any. Without further discussion, we dispose of this case by saying that it is ruled by Jordan v. O'Brien, 33 App. D. C. 189. The decision in that case is in harmony with the great weight of authority upon the point involved, and we adhere to it.

[3] After this appeal was docketed, the appellant abandoned it; but his attorney, Mr. Edmond C. Fletcher, claiming an interest in the subject-matter by reason of a contract which he had with the appellant, was permitted to intervene and prosecute the appeal for the purpose of protecting his interests. Kellogg v. Winchell, —— App. D. C. ——, 273 Fed. 745. The appellant should not be taxed with costs accruing after the abandonment. From that time on Mr. Fletcher must be held liable.

The decree of the lower court is affirmed. The costs up to the time of the intervention are assessed against the appellant Kellogg, and all costs after that against the intervener Fletcher.

Affirmed.