## UNITED STATES v. CARBON COUNTY LAND CO. et al.*

(Circuit Court of Appeals, Eighth Circuit. November 17, 1925.)

No. 6987.

1. **Public lands** �köë118—**Statute of limitations held inapplicable to suit by government to establish trust in mineral lands fraudulently certified to state.**

Suit by United States, whose title had been quieted to mineral lands certified to state and sold to defendant's assignors by defendant's fraudulent representations, to have it adjudged that title under patent from state was held in trust for it, was not barred by 6-year limitation of Act March 3, 1891.

2. **Equity** �köë441—**Suit in aid of former decree quieting title held proper.**

Suit in aid of and to secure benefits of, former decree quieting title to mineral lands

*Certiorari granted 46 S. Ct. 355, 70 L. Ed. —.

in plaintiff *held* a "supplemental bill," or "original bill in nature of supplemental bill," and proper, either before or after decree, where new interests arise, and relief of different kind from that obtainable under first suit is required.

3. **Public lands** ⊦köë118—**Assignee, acquiring interest in mineral lands with notice of decree quieting title, may be joined in suit to establish trust.**

Assignee, acquiring interest in mineral lands with notice of decree against its assignor quieting title to such lands in United States, may be joined as defendant in suit by United States to have title under patent from state adjudged held in trust for it.

4. **Public lands** ⊦köë118—**Government held entitled to reconveyance of mineral lands certified to state through fraud.**

If mineral lands were acquired by defendant by procuring certification thereof to state under Act July 16, 1894, by fraudulent representations, government was entitled to reconveyance of all such lands owned by defendant, or by others having notice of government's rights.

5. **Equity** ⊦köë150(1)—**Bill in government's suit to enforce decree quieting its title held multifarious.**

Where part of mineral lands certified to state by government, and sold to land company by state as result of fraud, were claimed by county under tax sale, bill in suit by government to enforce its rights under decree quieting its title thereto was rendered multifarious by joining county as defendant.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit by the United States against the Carbon County Land Company, Carbon County, Utah, and another. Bill dismissed, and plaintiff appeals. Reversed, with directions.

Eustace Smith, Sp. Asst. Atty. Gen. (S. W. Williams, Sp. Asst. Atty. Gen., on the brief), for the United States.

Mahlon E. Wilson, of Salt Lake City, Utah (Frederick C. Loofbourow and Albert R. Barnes, both of Salt Lake City, Utah, on the brief), for appellee Independent Coal & Coke Co.

Russell G. Schulder, of Salt Lake City, Utah (Samuel A. King and Creighton G. King, both of Salt Lake City, Utah, on the brief), for appellee Carbon County Land Co.

O. K. Clay, Co. Atty., of Price, Utah, for appellee Carbon County.

Before LEWIS and KENYON, Circuit Judges, and MUNGER, District Judge.

LEWIS, Circuit Judge. The appellant filed its complaint in the District Court on

May 16, 1924, against appellees, Carbon County Land Company, Independent Coal & Coke Company, corporations, and Carbon County, Utah, alleging that: (a) During the years 1901 to 1904 there were certified to the State of Utah, under the Act of July 16, 1894 (28 Stat. 107), certain described lands, in all 5,564.28 acres; (b) the State of Utah executed contracts of sale of said lands to named individuals who assigned them to Carbon County Land Company; (c) thereafter, in January, 1907, this appellant brought suit in the United States court for the District of Utah against said individuals and the Carbon County Land Company for the cancellation of said contracts, on the ground that the lands were mineral lands and were known to be such at the time they were selected by the State, said suit was tried on its merits and said court entered a decree on June 8, 1914, wherein it was adjudged that plaintiff (this appellant) was the true and lawful owner of said lands and its title thereto was quieted against all claims, demands or pretenses whatsoever of the defendants in that suit, or of any person or persons claiming, or thereafter to claim, through or under the said defendants or any or either of them, that said defendants had no right, title or interest or right of possession in or to said premises, and each of them was perpetually restrained and enjoined from setting up or making any claim to or upon said premises; (d) that decree was affirmed by this court on November 15, 1915 (Milner v. United States, 228 F. 431, 143 C. C. A. 13); (e) on February 10, 1920, the State of Utah issued its patent to said lands to the Carbon County Land Company, the same company to which the contracts of sale had been assigned; (f) appellee Independent Coal and Coke Company now claims an interest in a part of the lands; (g) Carbon County was made defendant because it claims part of the lands under a tax sale made in the year 1921; and it was prayed that defendant Carbon County Land Company be adjudged and decreed to hold whatever title it has to said lands in trust for the plaintiff, to convey the same to plaintiff and deliver to plaintiff any patent or deeds to said lands in its possession, that defendants be enjoined from intermeddling with said lands and removing coal therefrom. Each of the appellees moved to dismiss, on the ground that the suit was barred by the Statute of Limitations, Act March 3, 1891 (26 Stat. 1095). The court sustained each motion on the ground stated and dismissed the bill. This appeal was then taken.

[1] In so ruling the learned District Judge said:

"The certification by the Secretary of the Interior of the lands in question to the state of Utah was in legal effect a patent, and in my opinion comes within the meaning of the word patent as used in section 8 of the Act of March 3, 1891" (Comp. St. § 5114).

In United States v. Winona & S. P. R. R. Co., 165 U. S. 463, 17 S. Ct. 368, 41 L. Ed. 789; Shaw v. Kellogg, 170 U. S. 312, 18 S. Ct. 632, 42 L. Ed. 1050, and other cases, it has been held that a certification of lands by the Secretary under statutory authority therefor has the same legal effect as a patent; and it is argued here that this suit was brought to avoid the certification. We think a mere reading of the bill demonstrates that view is a misconception. As to this suit, it is rather an acceptance of the Secretary's certification than an attack upon it. The Act of March 3, 1891, provides that suits to vacate and annul patents shall only be brought within six years after the date of the issuance of such patents. This suit was not brought to vacate and annul the Secretary's certificate. That is no part of its purpose. No such relief is sought. We think the statute relied on has no application to this case.

In the Milner Case, 228 F. 431, 143 C. C. A. 13, we reviewed at length the fraudulent methods resorted to for the purpose of procuring certification of the lands to the State for the use and benefit of Carbon County Land Company. The plan made use of the State as a mere conduit through which the lands were to be fraudulently acquired. The State also, as well as the Secretary, seems to have been imposed upon. Before the lands were selected by the State and certified to it the individual defendants in the former suit entered into contracts with the State to purchase the lands at a nominal sum per acre, in event it obtained the certification, and they assigned those contracts to Carbon County Land Company, which company they owned and controlled. They induced the State and Secretary to act on false representations that the lands were not mineral lands, nor valuable as coal lands. According to the charges in this complaint, the legal title passed through the State to that company after it was finally decided that as between appellant and Carbon County Land Company all of the lands belonged to the United States and its title thereto was quieted as against that company. Perforce that decree Carbon County Land Company, in accepting a patent from the State, obtained nothing but the bare

legal title. On the facts stated it acquired no beneficial interest in the lands as against the United States, and the purpose of this suit is to obtain a decree that it holds that title in trust for appellant and to compel it to convey the legal title to appellant.

[2] The several motions to dismiss challenged the sufficiency of the bill, on the ground also that the facts pleaded did not show cause for equitable relief.

The suit is in aid of the former decree, to obtain the benefits of that decree. As to Carbon County Land Company, it is a supplemental bill, or (more properly according to Story) an original bill in the nature of a supplemental bill, and is proper where new interests arise or where relief of a different kind from that obtainable under the first suit is required, and it may be filed either before or after a decree. Root v. Woolworth, 150 U. S. 401, 14 S. Ct. 136, 37 L. Ed. 1123; Shields v. Thomas, 18 How. 253, 262, 15 L. Ed. 368; Thompson v. Maxwell, 95 U. S. 391, 399, 24 L. Ed. 481; Story's Equity Pleading, §§ 338, 339, 345, 351b, 355, 429, 432. Cooper on Equity Pleading says (pages 74, 75):

"But a supplemental bill may likewise be filed for the purpose of stating events which have happened subsequent to the decree. * * * But this bill though it is supplemental in respect of the old parties and the rest of the suit, yet to any new party brought before the court by it, and consequently in regard to its immediate operation, it has in some degree the effect of an original bill."

The same authority, on page 98, in reference to bills, not original, to carry a decree into effect, says:

"The necessity for this kind of bill generally arises where persons who have obtained a decree have neglected to proceed under it, in consequence of which their rights under it have become embarrassed by subsequent events. * * * It may be brought by or against a person claiming as assignee of a party to the decree. So an original bill to execute a decree against a purchaser who claimed under parties bound by that decree, was allowed to be a good bill on demurrer."

[3] And the text of both authorities leaves no doubt that on the facts here an assignee of part may be joined as a party with his assignor.

[4] If the case stated in the bill should be made out, it would seem clear that the relief sought should be granted,—as to Carbon County Land Company, that it convey to appellant all of the lands title to which stood in its name when this suit was brought, and deliver to appellant any patent or other conveyance to it from the State; as to Independent Coal & Coke Company, that it make like conveyance of any of the lands conveyed to it, in which it acquired an interest with notice of appellant's rights, or without value. Meader v. Norton, 11 Wall. 442, 458, 20 L. Ed. 184; Moore v. Crawford, 130 U. S. 122, 128, 9 S. Ct. 447, 32 L. Ed. 878; Jones v. Van Doren, 130 U. S. 684, 691, 9 S. Ct. 685, 32 L. Ed. 1077; Monroe Cattle Co. v. Becker, 147 U. S. 47, 57, 13 S. Ct. 217, 37 L. Ed. 72. In Moore v. Crawford, supra, the Chief Justice, speaking for the court, said:

"Whenever the legal title to property is obtained through means or under circumstances 'which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never, perhaps, have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust.' Pomeroy, Eq. Jur. § 1053."

[5] We think it obvious that the ground on which Carbon County was brought into the case is distinct and independent of anything alleged against the other two defendants, and that the latter have no concern with any relief that might be granted appellant against the county. There is no common interest between it and the other defendants, they are not mutually interested in any issue and the bill was multifarious and subject to demurrer on that ground, although not stated in the motion to dismiss. Walker v. Powers, 104 U. S. 245, 251, 26 L. Ed. 729; United States v. Bell Tel. Co., 128 U. S. 315, 352, 9 S. Ct. 90, 32 L. Ed. 450.

The decree below is reversed with direction to dismiss the suit as against Carbon County, Utah, without prejudice, and to permit the other defendants to answer.