**HELVESTINE v. HELVESTINE.**

No. 6756.

United States Court of Appeals for the District of Columbia.

Decided March 15, 1937.

Alfred M. Schwartz, of Washington, D. C., for appellant.

Raymond Neudecker, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from that portion of a decree in the Supreme Court of the District (now District Court of the United States for the District of Columbia) dismissing appellant's cross-bill, praying for a divorce a vinculo and for general relief, on the ground that a divorce a mensa et thoro could not be awarded without a specific prayer therefor. The parties will be designated as plaintiff and defendant.

On May 13, 1935, plaintiff, Pauline Helvestine, filed her bill charging her husband (defendant) with cruelty, drunkenness, and desertion, and seeking a decree of limited divorce. Defendant's answer denied the charges and alleged acts of cruelty. Subsequently, on October 15, 1935, defendant filed a cross-bill charging cruelty and adultery; plaintiff answered. The cross-bill contained two prayers; first, a prayer for specific relief, namely, an absolute divorce; and, second, a general prayer for relief.

The cause was heard and at the conclusion of all the testimony the court announced that plaintiff had failed to establish the averments of her bill; that defendant was justified in leaving her "by reason of the plaintiff's conduct as alleged in his [defendant's] Answer and Cross-Bill," and that therefore plaintiff's bill would be dismissed; that the court was not satisfied that plaintiff had committed adultery, and therefore the cross-bill would be dismissed.

The lower court ruled that it could not award a limited divorce without a specific prayer therefor and that, since the only specific prayer in the cross-bill was for an absolute divorce upon the ground of adultery, it "could not grant to the defendant a limited divorce," to which defendant excepted. This ruling is assigned as error.

Defendant then moved that the court enter findings of fact and conclusions of law. To the denial of this motion defendant excepted, and this ruling is also assigned as error.

In the view we take of the case we need consider only the assignment relating to the refusal of the trial court to award a limited divorce without a specific prayer therefor.

Section 968, D.C.Code 1924 (section 64, Tit. 14, D.C.Code 1929), authorized the court to decree a divorce from bed and board "if the causes proved be sufficient to entitle the party to such relief only." This provision and section 966 of the 1924 Code (section 63, Tit. 14, D.C.Code 1929) were superseded by the Act of August 7, 1935 (chapter 453, 49 Stat. 539 [D.C.Code Supp. II, 1935, T. 14, §§ 63, 64]), the declared purpose of which, as expressed by the House Committee report, being "to liberalize the grounds for an absolute divorce in the District of Columbia" (H.Rep. 1532, 74th Cong., 1st Sess.). The Senate report (S.Rep. 720, 74th Cong., 1st Sess.) read in part as follows: "The purpose of this bill is to broaden the divorce laws in the District of Columbia. Under the present law an absolute divorce may be granted only for adultery committed by one of the parties during the marriage. The committee feels that the present law is too stringent, and section 1 of the bill amends section 966 of the District Code to include as grounds for divorce or legal separation from the bed and board * * * [enumerating grounds, certain of which were enacted into law]."

Under the earlier provisions of the Code containing but one ground for absolute divorce, and three grounds for limited divorce (section 966, D.C.Code 1924), if a party failed to establish adultery but proved either drunkenness, cruelty, or desertion, a limited divorce could be granted under section 968 of the old (1924) Code.

We have held that the 1935 act was designed "to liberalize and enlarge the divorce laws of the District," and that "it was the intention of Congress that a liberal construction should be placed upon the terms of the enactment." Tipping v. Tipping, 65 App.D.C. 222, 223, 82 F.(2d) 828, 831. To rule that the 1935 act divested the court below of power to decree a limited divorce in the circumstances of this case would be to place a narrow or restrictive construction on that enactment; in other words, deprive litigants of relief available to them under the old law. This clearly was not the legislative intent. Since we hold that the 1935 act was not intended to deprive litigants of the relief which the old law had authorized, it is apparent that the court in the exercise of its general equity powers could under the general prayer grant the relief which defendant sought; namely, a limited divorce. It is settled law that "if the plaintiff should mistake the relief, to which he is entitled in his special prayer, the court may yet afford him the relief, to which he has a right, under the prayer of general relief, provided it is such relief as is agreeable to the case made by the bill." Story's Eq.Pl. (10th Ed.) § 40; English v. Foxall (1829) 2 Pet. 595, 7 L.Ed. 531; Tayloe v. Merchants' Fire Ins. Co., 9 How. 390, 405, 13 L.Ed. 187; Walden v. Bodley, 14 Pet. 156, 164, 10 L.Ed. 398; Texas v. Hardenberg, 10 Wall. 68, 19 L.Ed. 839; Jones v. Van Doren, 130 U.S. 684, 692, 9 S.Ct. 685, 32 L.Ed. 1077; Tyler v. Savage, 143 U.S. 79, 90, 12 S.Ct. 340, 36 L.Ed. 82; Lockhart v. Leeds, 195 U.S. 427, 436, 25 S.Ct. 76, 49 L.Ed. 263; Kellogg v. Winchell, 51 App.D.C. 95, 96, 276 F. 463.

In the present case the defendant seeks a limited divorce under his cross-bill, which charged cruelty. A limited divorce may be granted for cruelty. Section 966, 1935 Act (section 63, Tit. 14, D.C. Code 1929, as amended by Act of August 7, 1935, c. 453, § 1, 49 Stat. 539 [D.C.Code Supp. II, 1935, T. 14, § 63]). The court below found that plaintiff's conduct as alleged in defendant's cross-bill (cruelty) justified him in leaving plaintiff; in other words, that such acts would support a decree for limited divorce. Hitchcock v. Hitchcock, 15 App.D.C. 81. Therefore, since a limited divorce is "agreeable to the case made" by defendant's cross-bill, the court below under the prayer for general relief may award that relief.

The decree is reversed and the cause remanded for further proceedings not inconsistent herewith, costs to be borne by appellant.

Reversed.