**Gerald L. SCOTT, Appellant,**

v.

**Nancy Lee SCOTT, Appellee.**

**No. 2111.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 6, 1958.

Decided April 15, 1958.

---

John Alexander, Washington, D. C., for appellant.

Ferdinand J. Mack, Washington, D. C., with whom Arthur J. Hilland, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal presents the question whether under our present law a limited divorce may be granted on the ground of desertion for a period of less than two years. For reasons hereafter stated, we think the trial court correctly answered the question in the negative.

Prior to our present divorce statute of August 7, 1935, the only ground for an absolute divorce in this jurisdiction was adultery. A limited divorce could be granted for drunkenness, cruelty, or desertion. The old law appears in Section 966 of the various editions of our original Code of 1901. Our present law authorizes an absolute divorce for (1) adultery, (2) desertion for two years, (3) voluntary separation from bed and board for five consecutive years without cohabitation, or (4) final conviction of a felony involving moral turpitude and sentence for not less than two years to a penal institution which is served in whole or in part. A limited divorce may be granted for cruelty.[1]

It will be observed that under the former law desertion for no specified period was ground for limited divorce, and under the present law desertion for two years is ground for an absolute divorce; and the present law does not authorize a divorce of any kind for desertion of less than two years. Nevertheless, appellant's contention is that a limited divorce may still be granted for desertion of less than two years.

His contention is based on the decision in Helvestine v. Helvestine, 67 App.D.C. 121,

89 F.2d 970, 971. The facts in that case were that a husband in a cross-bill charged both cruelty and adultery, but asked specifically only for an absolute divorce. The trial court found the charge of adultery not established and held it could not grant a limited divorce without a specific prayer therefor. This ruling was apparently based on the fact that the 1935 act not only repealed former Code Section 966, but also former Section 968, which latter section provided that where an absolute divorce was prayed for, a limited divorce could be granted if the proof showed the party entitled to such relief only. On appeal it was held that despite repeal of Section 968, the trial court under its general equity power could grant the relief to which the party was entitled although such relief was not specifically asked in the complaint. In the course of its opinion the court said that "the 1935 act was not intended to deprive litigants of the relief which the old law had authorized, * * *." Appellant relies strongly on that language and asks us to construe it as holding that because under the old law a limited divorce could be granted for desertion for no specified period, such relief is still available to litigants.

We cannot adopt appellant's reasoning for to do so would be to hold that a divorce may be granted under a statute which has been expressly repealed. In our opinion the quoted language from the Helvestine case dealt only with procedural relief and not with substantive relief. We think the sum and substance of the Helvestine decision was nothing more than a holding now embodied in Federal Rule of Civil Procedure 54(c), 28 U.S.C.A., in these words: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Counsel for appellee has filed with us a motion for allowance of counsel fees and

---

1. Code 1951, 16–403. A limited divorce may also be granted on any ground for which an absolute divorce may be granted.

**314**

suit money on appeal. This motion is denied without prejudice to the filing of such a motion in the trial court after our mandate has issued. Smith v. Smith, D.C.Mun. App., 137 A.2d 221.

Affirmed.